█ CARLIN TRADING CORP., Respondent, v. RUBY R. BENNETT, Formerly Known as RUBY RAY, Appellant, et al., Defendants.— Order, entered May 17, 1965, in an action to foreclose a $1,250 mortgage, granting defendant Bennett's motion to set aside her default, to vacate the inquest, and to restore the action to the Trial Calendar, unanimously modified, on the law and in the exercise of discretion to eliminate the condition that defendants post a $1,325 bond to secure any judgment that plaintiff may obtain and to direct a prompt trial, with $30 costs and disbursements on this appeal to abide the event. The very circumstances which led the court to set aside the default and vacate the inquest warrant that such relief be granted without the imposition of a condition which defendants are not able to meet. Where the record shows an unintentional default and no other circumstances requiring the added security of a bond it was improper to impose this condition (*Pacific Northern Fence Corp.* v. *Allied Fabricators,* 19 A D 2d 541). In the absence of any showing of a threatened prospective decline in the value of the mortgaged property, plaintiff's interests will be sufficiently protected by the direction for a prompt trial and without the granting of any further leniency to defendants. Appeal from short-form order entered April 21, 1965 is dismissed as not appealable, without costs or disbursements. Concur — Botein, P. J., Breitel, Stevens, Eager and Staley, JJ.