■ In the Matter of VANILLA MOULTRIE et al., Petitioners, v. THOMAS DICKENS, a Justice of the Supreme Court, New York County, Respondent.— Petition unanimously dismissed, without costs and without disbursements. The court had jurisdiction and in the circumstances prohibition will not lie. Concur — Capozzoli, J. P., Nunez, McNally, Steuer and Tilzer, JJ.

■ JUDAH ROSENFELD, as Custodian for JOEL B. ROSENFELD, et al., Appellants, v. A. J. HETTINGER, JR., et al., Respondents, et al., Defendants.— Order entered March 13, 1969, granting defendants' motion for summary judgment dismissing the complaint, and judgment entered thereon on March 18, 1969, unanimously reversed, on the law, without costs and without disbursements, the motion is denied and the judgment is vacated, without prejudice to a renewal of the motion previously made (and dismissed as moot) to discontinue the action within 20 days after service of a copy of the order entered herein upon respondents by appellants, with notice of entry thereon. Properly regarded, the contretemps that developed at Special Term seems to have arisen from a misunderstanding or an unfortunate failure in rapport between the court and counsel. Although plaintiffs did not submit opposing papers to defendants' motion, Special Term disposed of the motion while plaintiffs' motion to discontinue the action was still pending before another Justice of the court. Under the circumstances, we believe it prudent to relegate the parties to a position *in statu quo ante.* Hence, our disposition herein is expressly made without prejudice to a renewal of the dismissed motion to discontinue. Nor is our action to be construed as in any way affecting the issues in the existing actions in the Federal courts, or as an impediment to any applications for summary judgment in those courts. (See *Brown* v. *Bullock,* 17 A D 2d 424; *Marshall* v. *Holiday on Ice,* 27 A D 2d 835.) Our disposition thus wipes the slate clean and removes any doubt as to further proceedings in the Supreme Court or Federal courts and the effect of any of the antecedent misunderstandings. Concur — Stevens, P. J., Capozzoli, McGivern, Nunez and McNally, JJ.

■ MULTIPLE PRODUCTS, INC., Respondent, v. SEABOARD NATIONAL DISTRIBUTION CENTER, INC., et al., Appellants.— Judgment entered November 26, 1969, unanimously modified on the law and the facts by vacating the judgment as against the defendant Rodolitz and dismissing the complaint as to him, and except as modified judgment affirmed, without costs and without disbursements. Even though the individual was neither an officer nor a director of the corporate defendant, he was its sole stockholder and concededly its moving spirit. All of the acts done by him were on behalf of the corporation and the latter's liability stems solely from those acts. The claim is based on an overcharge by the corporate defendant and no grounds for individual liability were established. Concur — Eager, J. P., McGivern, Markewich and Steuer, JJ.