■ CAPELLINO ABATTOIR, INC., Respondent, v ROBERT LIEBERMAN, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered March 10, 1977 in St. Lawrence County, which denied defendant's motion to vacate a default judgment. The underlying action herein was instituted on January 29, 1968 to recover the sum of $6,075.60 for assorted veal meats allegedly sold by plaintiff to defendant. Subsequently, on January 29, 1969, a default judgment was entered against defendant in the action when he failed to file an amended answer to plaintiff's amended complaint. Not until almost eight years later, however, on October 22, 1976, was defendant served with a subpoena duces tecum to take his deposition as a judgment debtor, and it was at this time that defendant alleges he first learned of the default judgment. He thereupon acted forthwith to vacate the judgment, and ultimately Special Term granted his motion to vacate upon the condition that he file a surety bond as security or make a $10,000 cash payment into court. When defendant failed to comply with the security requirement, the order appealed from denying his motion to vacate was issued. We hold that Special Term's order must be reversed. The law clearly favors the resolution of cases on the merits (Kahn v Stamp, 52 AD2d 748), and here defendant has carried his burden by establishing a valid excuse for the default, the absence of willfulness on his part, and also a meritorious defense to the action (Wall v Bennett, 33 AD2d 827). His excuse and absence of willfulness are amply demonstrated by his own affidavit and affidavits of his present attorney and his former attorney to the effect that he was never served with a copy of plaintiff's amended complaint and, therefore, could rightly be excused for failing to file an amended answer. In opposition to these affidavits, plaintiff could submit only the statement of his attorney that defendant's attorney was served with a copy of the amended complaint, and significantly, there is no affidavit of service or return receipt or any other proof of service of the amended complaint in the record nor any claim that such proof exists. Under these circumstances, we find that defendant's default is excusable (cf. Fusco v Malcolm, 50 AD2d 685). Similarly, in his affidavit of merit submitted in support of the motion to reargue the amended decision of Special Term, defendant's attorney asserts a meritorious defense to the action based upon what the record clearly establishes to be his own personal knowledge. The motion to reargue was, in effect, really a motion to renew since the submitted affidavit contained information not previously before the court (Mindy's Wine Cellar v American & Foreign Ins. Co., 51 AD2d 650), and this new information indicated that receipts in defendant's possession absolved him from any personal liability to plaintiff for the purchase of the veal meats in question and established that the purchase was made from plaintiff by Robert Lieberman & Sons, Inc., a corporation duly organized pursuant to the laws of the State of New York. In the absence of additional evidence showing that defendant also assumed individually the responsibility for paying for the meat or that fraud was involved, defendant would thus plainly be freed from any liability to plaintiff in the instant action even though he be an officer or principal

stockholder of the purchasing corporation *(Steelmasters, Inc. v Household Mfg. Co.,* 40 AD2d 963; *Multiple Prods. v Seaboard Nat. Distr. Center,* 34 AD2d 919). With an excusable default and meritorious defense amply demonstrated, we further conclude that it was an improvident exercise of discretion in the court below to condition its grant of the motion to vacate upon defendant's filing a security bond or paying substantial moneys into court. In such a situation, the default judgment should stand as security, and to require more of the defendant would constitute "a burden tantamount to a deprivation of [defendant's] right to have his day in court on the issue of his personal liability." *(Montgomery Coal & Oil Co. v Fuss,* 35 AD2d 817, 818; *Epstein v Kutner,* 38 AD2d 750.) Order reversed, on the law and the facts, without costs; motion to vacate default judgment granted with defendant directed to serve an answer to the amended complaint within 30 days following entry of the order herein and with the default judgment alone to stand as security. Kane, J. P., Main, Larkin & Mikoll, JJ., concur; Herlihy, J., dissents in part and votes to modify in the following memorandum. Herlihy, J. (dissenting in part). While I agree with the majority as to the opening of the default judgment, the requirement for security imposed by the court was not based on the opening of the default, but rather to protect plaintiff from the vacating of the "Restraining Notice and Subpoena (Duces Tecum)". The plaintiff was entitled to this protection in return for the relief granted to defendant by the court. In *Nardone v Long Is. Trust Co.* (40 AD2d 697), it was noted that ordinarily a stay contained in an "order to show cause" why a default should not be opened does not permit a judgment debtor to dispose of his funds. Indeed, it is aptly observed by the authors of Weinstein-Korn-Miller (6 Weinstein-Korn-Miller, NY Civ Prac, par 5222.18, p 52-303): "In an appropriate case, the restraining order may be vacated if the person served posts adequate security." Special Term properly exercised its discretion in requiring the filing of security. The judgment should be modified so as to conform to the decision of Special Term by inserting a provision that the denial of relief is without prejudice to further proceedings for the presentation of evidence and a determination on the merits as to the motion to vacate the default judgment.