■ REPORTER COMPANY, INC., Respondent, v JOHN J. TOMICKI, JR., et al., Defendants, and EDWIN C. STOKES, Appellant.—Appeal from orders of the Supreme Court at Special Term, entered May 23, 1977 and June 1, 1977, respectively, in Delaware County, which converted appellant's motion to dismiss the complaint to a motion to open a default judgment, and granted such motion conditioned upon appellant's posting security for the full amount of the judgment. Appellant Stokes was served by substituted service (CPLR 308, subd 4). Stokes failed to make a timely appearance in the action and a default judgment was entered. Plaintiff did not file the requisite proof of service within 20 days of service of summons (CPLR 308, subd 4). In fact, the proof of service was filed and entered with the judgment. Appellant moved to dismiss the complaint (CPLR 3211, subd 8) and plaintiff cross-moved for an order, *nunc pro tunc,* to correct the belated filing of its proof of service. Special Term held the late filing to be an irregularity rather than a jurisdictional defect, and, while not ruling on plaintiff's motion, did, on its own motion, cure the defect and validate the substituted service upon defendant. The purpose of requiring the filing of proof of service pertains to the time within which the defendant must answer and does not relate to the jurisdiction acquired by the court upon the service of the summons. Since the defendant has 10 days beyond the date of filing to serve an answer, the filing requirement actually extends the limitation for service of process and, thus, is not jurisdictional in character. Failure to file is an irregularity, curable by motion, if, under the facts, the court in the exercise of discretion deems it best (cf. 1 Weinstein-Korn-Miller, NY Civ Prac, pars 308.15, 308.16; see, also, CPLR 203, subd [b], par 1; 304, 2001). As to the conditional order, Special Term had the discretion to enter an order on such terms and conditions as to it seemed fair under the circumstances (5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.14). The subject order did not impose costs on appellant Stokes, it only required that he secure the judgment against his

failure to prevail at trial. Orders affirmed, without costs. Greenblott, J. P., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.