■ ASTROCOM/MARLUX, INC., Respondent, v LAFAYETTE RADIO ELECTRONICS CORP., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered September 15, 1977 in Otsego County, which vacated a default judgment against the defendant on condition that it file a surety bond in the sum of $70,000. The plaintiff commenced this action by service upon the Secretary of State on April 8, 1977. The defendant not having timely answered, the plaintiff secured a default judgment on May 10, 1977. By a notice of motion dated July 12, 1977, the defendant moved "to open up the default judgment * * * in the amount of $66,449.02 and for leave to submit an answer". The plaintiff opposed the motion; however, Special Term found an excusable default and granted a conditional order opening the default and allowing service of an answer. The sole issue upon this appeal is whether or not Special Term indulged in an improvident exercise of discretion by requiring a surety bond as a condition for granting the motion. The record indicates that the defendant did tend to delay in regard to its obligation to plaintiff and Special Term, noting that defendant had displayed an attitude of not negotiating until forced to do so by legal action, imposed the condition that defendant within 10 days of the entry of the order obtain a surety bond in the sum of $70,000 to apply in payment of any judgment that plaintiff might ultimately secure. On September 15, 1977 such a conditional order was entered. On September 24, 1977, the defendant obtained an order to show cause to reargue so much of the order as required a surety bond. In support of the order to show cause the defendant submitted an affidavit by a vice-president alleging net worth of nearly $34,000,000 and working capital exceeding $28,000,000. Defendant's counsel submitted an affidavit asserting that the cost of the bond would exceed $1,000 "per annum" and that the plaintiff had certain equipment in its possession having a value of about $67,000. The plaintiff opposed the application to remove the condition by submitting an affidavit which alleged that defendant had recently suspended payment of a dividend and had incurred sizeable business losses through June, 1977. Further, the plaintiff's opposing affidavit alleges that the defendant has persistently delayed in all matters affecting the plaintiff's cause of action prior to suit and subsequent thereto. The defendant, by its counsel, responded to the plaintiff's opposing affidavit by a reply affidavit alleging a capability of paying any judgment based upon a certain form filed by the defendant with the Security Exchange Commission for the period which *ended March 31, 1977.* It should be noted that the form submitted by the defendant as of March 31, 1977 shows a remarkable increase in merchandise inventories as compared to the year 1976 and current liabilities nearly double those for the comparable year of 1976. Furthermore, the defendant's documents show declining sales together with substantial losses as of March 31, 1977 with operations accounting for only $367,000 in working capital as of that date whereas operations accounted for $2,878,000 for the same period in 1976. Most significantly, the defendant's working capital *increased* by $960,000 for the period in 1976 *but* it *decreased* by the sum of $964,000 for the period ending March 31, 1977. Special Term denied the application to amend the prior order by striking the requirement for a surety bond and affirmed its prior order of September 15, 1977 "in all respects". In the recent case of *Capellino Abattoir, Inc. v*

*Lieberman* (59 AD2d 986) this court found a requirement of an undertaking as a condition for relief from a default judgment and "restraining notice" to be improvident as it was tantamount to depriving a defendant of his day in court. While there may well be cases where such a result would obtain, in this case the defendant insists that its assets are so large that the bond is unnecessary. There is no showing herein that the requirement of a bond will deprive the defendant of its day in court. Some cases seem to imply that a bond might be required as a condition when a default is intentional *(Carter v Indicator Digest,* 49 AD2d 519; *Carlin Trading Corp. v Bennett,* 24 AD2d 444), but such a result would be inconsistent with the requirement that only "excusable" defaults be reopened. It has been recognized that in considering a reopening of a default judgment, the value of a defendant's assets is a relevant consideration *(Carlin Trading Corp. v Bennett, supra).* In the recent case of *Mark IV Homes v Evans Gardens* (57 AD2d 701, 702) the court indicated that "circumstances" might require the posting of a bond in some instances upon reopening. In the case of *Pan Amer. World Airways v Victoria Travel Agency* (39 AD2d 692) the decision discloses that the defaulting defendant was subject to an income garnishee which would continue pending the final outcome of the action after reopening. While the defendant's failure to timely appear and answer in this case would border on law office failure, the failure herein involved only a short period of time and plaintiff has no reason to believe that there had been any intentional default. The record does disclose that the defendant had delayed a settlement of its account with plaintiff and it was undisputed that defendant had recently omitted a dividend payment to its stockholders and the defendant's papers establish a substantial change in its position as a going business. The defendant's remedy in this case so as to avoid any lengthy period for payment of a bond premium would be to proceed promptly to trial. It cannot be said that the requirement of a bond as security in the absence of any showing that the judgment would represent a secure lien is an abuse of discretion. The additional imposition of a bond for the defendant to promptly proceed to trial is a realistic protection for the plaintiff and, of course, the defendant has not established that the bond would deprive it of its day in court. Upon the application of defendant to have Special Term strike the condition of a bond, it was further disclosed to Special Term that the financial condition of the defendant was questionable and upon this appeal there has been no showing that allowing the judgment to stand as security would in fact be of any value (see *Reporter Co. v Tomicki,* 60 AD2d 947). Order affirmed, with costs. Greenblott, J. P., Kane, Larkin, Mikoll and Herlihy, JJ., concur.