■ WEINSTEIN, SKOLLER & KAYE, P. C., Respondent, v LYNARD PROPERTIES, LTD., Defendant, and LEONARD E. ROTHBAUM, Appellant. — In an action to recover unpaid legal fees, Leonard E. Rothbaum appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated July 26, 1979, as, upon granting his motion to vacate a prior order of the same court, dated November 9, 1978, did so upon certain conditions. Order modified, on the law, by (1) deleting from the first decretal paragraph thereof, the following conditions with respect to appellant Leonard E. Rothbaum: that Leonard E. Rothbaum pay to the plaintiff the sum of $200 in costs and expenses and that he post an undertaking with the court in the sum of $25,000; and (2) adding at the end of the third decretal paragraph thereof the words "except that with respect to appellant Leonard E. Rothbaum that application shall be denied only with respect to the second and third decretal paragraphs of the order dated November 9, 1978, which struck the answer and counterclaim, and which vacated the stay of enforcement of the judgment entered August 2, 1977". As so modified, order affirmed insofar as appealed from, without costs or disbursements. The examination before trial of Leonard E. Rothbaum shall proceed at the place set forth in the order under review and at such time as shall be fixed in a written notice of not less than 30 days, to be given by plaintiff, or at such time and place as the parties may agree. In this action, plaintiff, a law firm, is claiming that defendants owe it the principal sum of $12,854.60 in unpaid legal fees. When defendants did not respond to the

summons and complaint, a default judgment was entered on August 2, 1977. Thereafter, by order dated December 2, 1977, Special Term stayed the enforcement of that judgment on condition that defendant Rothbaum serve and file his answer within a specified period of time. Defendants made several motions to strike plaintiff's case from the calendar, alleging, *inter alia,* that plaintiff had failed to comply with demands for discovery and inspection. However, plaintiff's efforts to comply with those demands were frustrated by defendants' former attorney. That attorney told plaintiff to come to his office on May 22, 1978 at 2:00 P.M. with all the documents pertaining to the case, for discovery and inspection, but was absent from his office on that occasion. Then defense counsel obtained a court order requiring plaintiff to appear for an examination before trial at Special Term on June 28, 1978. Plaintiff complied with that order, but, again, defendants' former attorney failed to appear. On August 30, 1978 that attorney withdrew from the case and defendants were directed to retain other counsel within 30 days. In September, 1978 plaintiff moved to impose sanctions against the defendants for failure to complete discovery and to proceed to trial expeditiously. Although those motion papers were properly served by mail upon defendants at their last known address (see CPLR 2103), defendants did not respond, and in the order dated November 9, 1978, plaintiff's motion was granted on default. That order, *inter alia,* struck defendants' answer, vacated the stay of enforcement of the judgment entered on August 2, 1977, imposed a fine of $1,000 and $200 costs, and provided that in the event defendants failed to satisfy the judgment and pay the fine and costs, "plaintiff may make application on notice personally made on defendant Leonard E. Rothbaum, to this Court for an order that the defendant Leonard E. Rothbaum be imprisoned and given over to the custody of the Commissioner of Corrections until he shall have complied with and performed all of the provisions and requirements of the judgment herein and shall have paid the fine hereby imposed". The order appealed from, dated July 26, 1979, vacated the order dated November 9, 1978, pursuant to CPLR 5015 (subd [a], par 1) on condition that defendants pay to the plaintiff $200 in costs and expenses, appear at an examination before trial, and post a bond of $25,000. The condition that requires Leonard E. Rothbaum to post a bond of $25,000, was, on the facts of this case, sufficiently burdensome as to deprive him of his day in court (see *Montgomery Coal & Oil Co. v Fuss,* 35 AD2d 817). Therefore, that condition should not have been imposed. The default judgment entered August 2, 1977 stands as sufficient security (see *Pan Amer. World Airways v Victoria Travel Agency,* 39 AD2d 692). Further, it was improper to assess costs and a fine against Mr. Rothbaum because his former attorney failed to appear at a scheduled deposition of plaintiff and at a scheduled meeting for discovery and inspection of plaintiff's documents. There are no circumstances set forth in the record which would justify holding Mr. Rothbaum responsible for his attorney's conduct on those occasions. Therefore, the condition that Mr. Rothbaum pay $200 costs should not have been imposed. Further, the provisions of the order dated November 9, 1978, which found Mr. Rothbaum in contempt of court and which required him to pay a $1,000 fine should have been vacated unconditionally. Moreover, that portion of the order dated November 9, 1978 which authorized the imprisonment of Mr. Rothbaum for failure to pay the judgment, costs and fine, must also be vacated unconditionally. Although arrest of a judgment debtor is permissible pursuant to CPLR 5250, there has been no showing that section 5250 is applicable to Rothbaum. There is no legal justification for his proposed incarceration. However, the parties should complete discovery and proceed to trial expeditiously. In the event Mr. Rothbaum fails to comply with the requirement that he submit to an examination before

trial, and proceed to trial, the answer and counterclaim shall be stricken, and the stay of the enforcement of the judgment entered August 2, 1977 shall be vacated. Mollen, P. J., Hopkins, Lazer and Mangano, JJ., concur.