■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER CLARK, EDWARD MCKNIGHT, DENNIS L. MCKNIGHT and SYLVESTER WEST, Appellants. — Order unanimously affirmed. (*People v Clark*, 89 AD2d 820.) (Appeal from order of Supreme Court, Erie County, Ostrowski, J. — motion to vacate judgments.) Present — Hancock, Jr., J. P., Denman, Boomer and Schnepp, JJ.

■ In the Matter of ALCOHOLISM SERVICES OF ERIE COUNTY, INC., Respondent, v COMMON COUNCIL OF CITY OF BUFFALO et al., Appellants. — Judgment unanimously affirmed, with costs, for the reasons stated at Special Term, Kane, J. (Appeal from judgment of Supreme Court, Erie County, Kane, J. — art 78.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.

■ COMO MALL ASSOCIATES, Respondent, v HENS & KELLY, INC., Appellant. — Judgment unanimously affirmed, with costs, for the reasons stated at Special Term, Kane, J. (Appeal from judgment of Supreme Court, Erie County, Kane, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.

■ H.H. MINK CO., INC., Respondent, v G & T TERMINAL PACKAGING CO., INC., Appellant. — Order unanimously modified and, as modified, affirmed, with costs to appellant, in accordance with the following memorandum: Defendant appeals from the part of an order directing that it file a bond as a condition of vacating a default judgment. We find no showing of circumstances that would require security (*Mark IV Homes v Evans Gardens*, 57 AD2d 701). Plaintiff's counsel argues that it was proper for the court to require security since the court might have determined that the default was intentional. This argument fails since only excusable, hence unintentional, defaults may be vacated and plaintiff has not appealed from the order vacating the default judgment (see *Astrocom/Marlux v Lafayette Radio Electronics Corp.*, 61 AD2d 1064, 1065). Moreover, there is no indication that the default was intentional. The same considerations apply to plaintiff's argument concerning lack of a meritorious defense. The order is modified, therefore, by deleting the requirement that a bond be posted. Since defendant has no objection, the judgment should stand as security. (Appeal from order of Supreme Court, Monroe County, Wagner, J. — vacate default judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.