■ Victor H. Mairena, Respondent, v Eliza Charlemagne et al., Appellants, et al., Defendants. — In a negligence action to recover damages for personal injuries, defendants Charlemagne appeal from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated August 30, 1983, as, in vacating their default with respect to service of an answer, did so upon condition that they post a bond in the sum of $25,000. ¶ Order reversed insofar as appealed from, on the law, without costs or disbursements, and the provision requiring appellants to post a bond in the sum of $25,000 as a condition for vacating their default is deleted. ¶ In this matter involving a suit for personal injuries arising out of an automobile accident, Special Term properly found that the appellants' failure to serve a timely answer was excusable, and that they had demonstrated a meritorious defense to the action. The imposition of the condition requiring a bond in the sum of $25,000, however, was an improvident exercise of discretion. This record clearly demonstrates that to require such a bond would, in effect, deprive appellants of the right to appear and defend the action (see *Weinstein, Skoller & Kay v Lynard Props.*, 79 AD2d 987; *Montgomery Coal & Oil Co. v Fuss,* 35 AD 817). Under the circumstances of this case, the fact that the action was not reduced to judgment, which judgment could stand as security, is not a controlling factor. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.

■ Joann Malfi, Respondent, v Louis A. Malfi, Appellant. — In a matrimonial action in which the plaintiff wife was granted a divorce, the defendant husband appeals from an order of the Supreme Court, Kings County (Duberstein, J.), dated October 3, 1983, which, *inter alia,* modified the terms and conditions of defendant's visitation privileges, and denied his application for the suspension of an existing wage garnishment order. ¶ Order reversed, without costs or disbursements, and matter remitted to the Supreme Court, Kings County, for further proceedings consistent herewith before a Judge other than the Judge who made the order under review. ¶ In light of the numerous conflicting allegations of the parties with respect to the relief each was requesting, it was error to resolve the issues raised without first conducting an evidentiary hearing. Titone, J. P., Mangano, Thompson and Brown, JJ., concur.