■ JAY S. RUBIN, Respondent, v EVERETT PAYNE, Appellant. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered November 14, 1983 in Sullivan County, which conditionally granted defendant's motion to vacate a default judgment taken against him. ¶ In this action for damages for an alleged assault and battery, defendant was given notice of a day certain trial date of June 6, 1983 by certified letter dated May 23, 1983 from the Supreme Court clerk. Although properly addressed, the letter was returned "unclaimed". Plaintiff secured a default judgment in the sum of $7,500 plus costs. Defendant moved to vacate the default judgment, contending that he never received notice by mail or telephone to appear in court on June 6, 1983, and asserting a defense that plaintiff agreed to settle the matter.[*] Plaintiff denied such settlement offer. Special Term vacated the default judgment on the condition that defendant post either cash or an undertaking in the amount of the judgment. Defendant has appealed so much of the order as required an undertaking and directed that the matter be placed on a nonjury calendar. A stay pending appeal was granted by this court. ¶ Initially, we note plaintiff's concession that, in the event defendant provides an undertaking, the matter should be restored to the Jury Trial Calendar. The sole remaining issue is whether Special Term improvidently conditioned vacatur of the default judgment upon the filing of an undertaking. Defendant essentially urges that his financial inability to obtain the bond will deprive him of his day in court (see *Capellino Abattoir, Inc. v Lieberman,* 59 AD2d 986). Plaintiff's argument that defendant's motion must be denied due to the failure to establish either a viable excuse for the default or a meritorious defense must fail, since plaintiff has not appealed from the order vacating the default judgment (*Mink Co. v G & T Term Packaging Co.,* 89 AD2d 821). ¶ Special Term had the discretion to grant the relief requested on such terms and conditions which it deemed fair under the circumstances (CPLR 5015; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.14), including the imposition of an undertaking (*Astrocom/Marlux, Inc. v Lafayette Radio Electronics Corp.,* 61 AD2d 1064, 1065; *Mark IV Homes v Evans Gardens,* 57 AD2d 701, 702). It is equally clear, however, that an undertaking requirement may be deleted where it effectively serves to deprive a defendant of his day in court (*Capellino*

---

[*] Defendant eventually pleaded guilty to assault in the third degree and was sentenced to a conditional discharge pursuant to a negotiated plea bargain, which included the withdrawal of defendant's countercharge of harassment against plaintiff and an agreement by defendant to make restitution for the medical expenses incurred by plaintiff.

*Abattoir, Inc. v Lieberman, supra; Montgomery Coal & Oil Co. v Fuss,* 35 AD2d 817, 818). The record shows that this *pro se* defendant failed to appear at the opening day of the Trial Term on May 23, 1983, and again on the scheduled day certain trial date of June 6, 1983, despite notice from the clerk sent to defendant's correct home address. The delay is attributable to defendant. The bond requirement may serve as a corrective measure to ensure that defendant proceeds promptly to trial (see *Astrocom/Marlux, Inc. v Lafayette Radio Electronics Corp., supra,* p 1065). Additionally, the subject order did not impose costs on defendant, but only required that he secure the judgment should he fail to prevail at trial (see *Reporter Co. v Tomicki,* 60 AD2d 947, mot for lv to app dsmd 44 NY2d 791). Although defendant has appeared *pro se,* he neither objected to plaintiff's request for an undertaking upon the vacatur of the default judgment nor substantiated his indigency before Special Term. On this record, we cannot say that Special Term abused its discretion by requiring an undertaking. ¶ Order modified, on the facts, with costs to plaintiff, by amending the decretal paragraph to provide that the case be restored to the Jury Trial Calendar upon the filing of an undertaking by defendant in the sum of $7,500, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.