SECOND DEPARTMENT, OCTOBER, 1988

(October 3, 1988)

■ CLIFFORD ADLER, Plaintiff, v G & B FASTENERS, INC., Appellant. DIAMOND FASTENERS, INC., Nonparty Respondent.— In an action, *inter alia,* to recover commissions allegedly due and owing to the plaintiff, the defendant appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated December 1, 1987, which denied its motion pursuant to CPLR 2308 (b) to compel the respondent, a nonparty witness,

to comply with a subpoena to appear at an examination before trial and to produce certain documents.

Ordered that the order is reversed, with costs, and the case is remitted to the Supreme Court, Nassau County, for further proceedings to determine whether the subpoena includes a demand for documents which is overly broad and oppressive and for a new determination on the motion consistent herewith.

The Supreme Court denied the defendant's motion for an order compelling the nonparty corporate witness to appear for a deposition based on its conclusion that, "[t]o allow a deposition of the corporation would mean a deposition of Mr. Bonomo [the corporation's sole officer and shareholder] which the Court has previously denied". While we do not dispute that for all practical purposes Mr. Bonomo will ultimately be the person deposed on behalf of Diamond Fasteners, Inc., we disagree with the apparent conclusion of the Supreme Court that the basis for denying the defendant's original motion to compel the deposition of the individual Frank Bonomo should likewise be applied to the request to depose the corporate witness. It is well settled that a corporation is for most purposes an entity separate and distinct from its individual members or stockholders (see, 13 NY Jur 2d, Business Relationships, § 25) and the distinctness of a corporate entity persists even though all of its stock is owned by a single individual (see, 13 NY Jur 2d, Business Relationships, § 25; *Green v Victor Talking Mach. Co.,* 24 F2d 378). Just as the mere fact that an individual owns all of the shares of stock of a corporation does not render its incorporation a nullity or subject the individual to any personal liability at law for the debts of the corporation (see, 14 NY Jur 2d, Business Relationships, § 730; *Capellino Abattoir v Lieberman,* 59 AD2d 986), neither should a corporation be held responsible for the debts incurred by or the agreements entered into by a sole shareholder. Thus, in the instant case, we do not agree that the corporate respondent, Diamond Fasteners, Inc., should be bound by a settlement agreement in an unrelated Federal court action to which it was not a party. That Mr. Bonomo was a party to that action and entered into a settlement agreement on his own individual behalf does not serve as a basis for binding the corporate witness merely by virtue of Mr. Bonomo's current status within that corporation.

However, the respondent claims that the subpoena is overly broad, oppressive, and designed to obtain confidential business records from a competitor, which claim was apparently raised

but never reached in the Supreme Court. We remit this case to the Supreme Court for a ruling on the validity of the scope of the subpoena. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.