■ CONGRESS TALCOTT CORPORATION, Respondent, v PACE-MAKERS TRADING CORP., Appellant, et al., Defendants.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about November 8, 1989, granting the motion of defendant Pacemakers for reargument and, upon reargument, recalling its prior order entered September 18, 1989, which denied Pacemakers' motion to vacate a default judgment, vacating the default judgment upon the condition that Pacemakers post an undertaking in the amount of $133,000, and ordering that, upon defendant's failure to post bond, the judgment shall stand and defendant shall serve answers to information subpoenas, unanimously reversed, to the extent appealed from, on the law, without costs, by deleting that portion of the order conditioning the opening of the default judgment upon the posting of security, and the language "on consent".

While it is within the discretion of the IAS court to condition the grant of relief upon such terms and conditions as it deems fair under the circumstances (CPLR 5015; Rubin v Payne, 103 AD2d 946; Reporter Co. v Tomicki, 60 AD2d 947), it should not exercise such discretion to condition the opening of

a default judgment upon the posting of an undertaking for the full amount of the judgment where there is no showing of circumstances requiring security *(Mark IV Homes v Evans Gardens,* 57 AD2d 701; *Carter v Indicator Digest,* 49 AD2d 519)* or where requiring such undertaking will effectively serve to deprive defendant of its day in court. *(Mairena v Charlemagne,* 102 AD2d 814; *see also, Rubin v Payne, supra.)*

The allegations of plaintiff's attorney offered in opposition to Pacemakers' motion to vacate, which were incorporated into plaintiff's response to the motion to reargue, that Pacemaker secreted assets and converted moneys payable to plaintiff and that it might be defunct, are not adequately supported by the record. Plaintiff's allegations with respect to Pacemakers' failure to demonstrate a meritorious defense are belied by Pacemakers' attempt to refute plaintiff's claim of an account stated with evidence that it objected to invoices forwarded by plaintiff and that there was a discrepancy in the parties' records. In addition, Pacemakers' purported failure to update its address with the Secretary of State, which is supported only by the conclusory allegations of plaintiff's counsel, would not, in any event, bar relief where, as here, the period of default was short and Pacemakers moved diligently to vacate. There is also no support in the record for the characterization of the court's action as being "on consent".

It is the policy of this court to allow matters to proceed to trial on the merits, whenever possible. *(Lipsig, Sullivan, Mollen & Liapakis v Shamy,* 86 AD2d 520.)* In this case, it appears that there was an excusable default, and even some question as to counsel's good faith in entering the default judgment. Thus, the IAS court having determined that the default was excusable and Pacemakers having offered evidence of a meritorious defense to the action, it was an abuse of discretion for the IAS court to condition the vacatur of the default judgment upon the posting of $133,000 security. Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.