■ Eugene Czub, Respondent, v Mark D. Russell, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Brown, J.), entered December 3, 1990 in Saratoga County, which conditionally granted defendant's motion to vacate a default judgment entered against him.

In this breach of contract action arising out of a truck lease agreement executed by the parties, plaintiff entered a judgment in the amount of $6,418 upon defendant's default. Defendant moved to vacate the default judgment based upon affidavits which asserted an excuse for the default and a defense to plaintiff's claim. Supreme Court granted the motion, conditioned upon defendant posting a bond of $10,000 as an undertaking. Defendant appeals from so much of the order as requires an undertaking.

Pursuant to CPLR 5015 (a) (1), Supreme Court had the authority to condition a grant of relief from a default judgment "on such terms and conditions which it deemed fair under the circumstances * * * including the imposition of an undertaking" (Rubin v Payne, 103 AD2d 946). The discretionary authority to impose an undertaking is not unlimited, however (see, Congress Talcott Corp. v Pacemakers Trading Corp., 161 AD2d 554; Rubin v Payne, supra; Capellino Abattoir v Lieberman, 59 AD2d 986). In the absence of a decision by Supreme Court, we are unable to discern the basis for the court's exercise of its discretionary authority to impose an undertaking. Since this appears to be a case where the default judgment itself should stand as security (see, Capellino Abattoir v Lieberman, supra, at 987), Supreme Court's imposition of an undertaking without setting forth the circumstances which justified the additional security was an improvident exercise of discretion. We are of the view that no additional security is required in the circumstances of this case.

Mahoney, P. J., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law and the facts, with costs to defendant, by deleting the requirement of a bond as an undertaking; a provision is added stating that the

default judgment shall stand as security; and, as so modified, affirmed.