■ GLADES FINANCIAL CORPORATION, Appellant, v ZALMAN CHAIM et al., Respondents, et al., Defendant. [642 NYS2d 912] —In an action to recover damages for conversion, the plaintiff appeals from (1) so much of an order of the Supreme Court, Kings County (Shaw, J.), dated April 19, 1995, as denied that branch of its motion which was for renewal of a prior motion of the defendant DWN Management, Inc., for leave to enter a default judgment against it on the first, second, third, and fourth counterclaims in the answer, due to the plaintiff's failure to respond to the counterclaims, unless the plaintiff posted an undertaking in an amount set by the court, (2) an order of the same court, dated June 19, 1995, which gave DWN Management, Inc., leave to enter a default judgment against the plaintiff based upon its failure in posting the undertaking, and (3) a judgment of the same court, entered August 3, 1995, which is in favor of the defendant DWN Management, Inc. and against it in the principal sum of $61,320.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal, from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in requiring the posting of an undertaking as a condition of opening the plaintiff's default. While the plaintiff contends that the amount of the bond was excessive, it failed to demonstrate that it was financially unable to post the undertaking (see, Upstate Equities v William Bradford, Inc., 176 AD2d 427; 52-54 E. End

*Assocs. v Weinstein Assocs.,* 167 AD2d 234; *Rubin v Payne,* 103 AD2d 946), and it in fact informed the defendant DWN Management, Inc. (hereinafter DWN) that it intended to comply with the requirement of posting the undertaking.

Moreover, the court properly denied the plaintiff's motion for leave to renew its opposition to the imposition of the bond requirement. The plaintiff submitted purported documentary evidence in an attempt to establish that the machinery which the defendant Zalman Chaim and DWN allegedly converted constituted adequate security for their counterclaims. However, these documents merely consisted of an unsigned, out-of-date appraisal of the machinery and a purported letter offer to purchase unspecified machinery for a given amount, without any showing that it was the same machinery at issue in this case. Accordingly, these documents failed to establish the value of the machinery at the time of the motion for renewal and did not demonstrate that DWN was already adequately secured. Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.