■ Wendell L. Harp, Respondent, v Tednick Corporation, Defendant, and Theodore G.M. Klar, Appellant. [681 NYS2d 849] —Peters, J. Appeals (1) from that part of an order of the Supreme Court (Torraca, J.), entered October 15, 1997 in Ulster County, which granted defendant Theodore G.M. Klar's motion to vacate a default judgment entered against him upon the condition that he post a bond or undertaking, (2) from an order of said court, entered November 18, 1997 in Ulster County, which denied said defendant's motion to vacate the default judgment for failure to post a bond, and (3) from an order and amended order of said court, entered January 29, 1998 and March 4, 1998 in Ulster County, which denied said defendant's motion for reconsideration.

On November 22, 1994, plaintiff commenced this action against defendant Tednick Corporation and one of its principals, defendant Theodore G.M. Klar, alleging, *inter alia*, that Klar converted a check in the amount of $67,000 made payable to plaintiff and given to Klar for transmittal to Elysian Federal

Savings Bank for release of its existing mortgage on a townhouse located in the Town of Esopus, Ulster County. The townhouse was constructed by Tednick, purchased by Klar and mortgaged by Dime Savings Bank.* Upon Klar's failure to answer or appear in the action, plaintiff moved for a judgment of default. In March 1995, Supreme Court granted the motion and awarded plaintiff the sum of $88,025.77.

Approximately two years later, Klar moved to vacate the default contending, *inter alia*, that he was never properly served with process and had no notice of the action. In September 1997, Supreme Court conditionally granted the motion provided that Klar post a surety bond or undertaking in the amount of $90,000. Klar moved to modify or vacate the order, contending that, unable to raise the money, he would be deprived of his day in court. At a conference prior to a determination of this motion, the parties agreed to a reduction of the bond in the amount of $25,000. When the requisite security had not been filed within the extended time, Supreme Court denied the motion to vacate the default judgment. Upon the further denial of Klar's motion for reconsideration, these appeals ensued.

The sole issue raised on these appeals is whether Supreme Court abused its discretion in requiring Klar to furnish a surety bond or undertaking as a condition of vacating the default judgment against him. In acknowledging that Supreme Court "has 'the discretion to grant the relief requested on such terms and conditions which it deem[s] fair under the circumstances * * * including the imposition of an undertaking' " (*F & K Supply v Balbec Corp.*, 182 AD2d 911, quoting *Rubin v Payne*, 103 AD2d 946, *appeal dismissed* 64 NY2d 754), we can find no abuse. Recognizing that the discretionary authority to impose an undertaking is not unlimited (*see, Czub v Russell*, 177 AD2d 831), the record evidence amplified the conflicting affidavits as to whether Klar was attempting to evade service. Substantial evidence was presented indicating that he used numerous addresses and that plaintiff exercised due diligence in attempting to locate him through information that Klar provided to various public sources. Although Klar does not deny using these addresses as his residence or place of business, he maintains

---

* In connection with the mortgage, First American Title Insurance Company insured Dime Savings Bank that it had a valid first mortgage lien against said property. In May 1993, First American commenced an action against plaintiff for the amount of $67,000 plus interest. On November 14, 1994, summary judgment was entered against plaintiff and in favor of First American for approximately $85,000.

that plaintiff craftily spearheaded this effort to navigate his default. Under these circumstances, we cannot find that the imposition of an undertaking was in error (see, *Upstate Equities v William Bradford, Inc.*, 176 AD2d 427). As to the amount of the undertaking, which we note was substantially reduced by agreement of the parties and still remained unpaid, we find insufficient evidence proffered on the motion to vacate to "substantiate his claim of indigency" (*id.*, at 428; see, *Rubin v Payne, supra*, at 947).

Concluding with our review of the motion for reconsideration, if deemed a motion for reargument it is not appealable (see, *Mancino v Mancino*, 251 AD2d 963). If deemed a motion to renew, Klar's failure to show that the new information was unavailable at the time of the original motion supports its denial (see, *Matter of Johnson v Coombe*, 236 AD2d 669; see also, *Chawla v Cravath, Swaine & Moore*, 251 AD2d 96).

Accordingly, we hereby affirm the orders of Supreme Court.

Crew III, J. P., White, Carpinello and Graffeo, JJ., concur. Ordered that the orders and amended order are affirmed, with costs.