■ ISLAND SEAFOOD, INC., Appellant, v ANCHOR FISH DISTRIBUTORS, LTD., Respondent. RUSSELL K. STATMAN, Nonparty Appellant. [703 NYS2d 216] —In an action, inter alia, to recover damages based on goods sold and delivered, the plaintiff and its attorney appeal from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated January 25, 1999, as, upon renewal of a prior motion to vacate an ex parte order of the same court, dated August 3, 1998, which dismissed the complaint based on the failure of the attorneys for both sides to appear at a pretrial conference, imposed as a condition for granting the prior motion that the plaintiff's attorney pay to the defendant the sum of $1,000.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, and upon renewal, the plaintiff's motion to vacate the order dated August 3, 1998, is granted unconditionally, and that order is vacated.

The Supreme Court has the discretion to grant a motion to vacate a prior order granted on default upon such terms as may be just (see, CPLR 5015 [a]; see, e.g., Workman v Amato, 231 AD2d 627). Here, the prior ex parte order dated August 3, 1998, dismissed the plaintiff's action after the attorneys for both sides defaulted in appearing at a conference. The record establishes that the attorney for the defendant was at least as responsible for that default as the attorney for the plaintiff. Therefore, it was an improvident exercise of discretion to impose, as a condition to the vacatur of the order dated August 3, 1998, a provision which punished the attorney for the plaintiff alone. Bracken, J. P., Thompson, Sullivan and Krausman, JJ., concur.