■ CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Respondents, v COUNTY OF NASSAU, Appellant. [745 NYS2d 547] —In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Nassau County (DeMaro, J.), entered April 30, 2001, which directed it to notify the court and the plaintiffs' counsel of its intent to comply with certain conditions set forth in the order and, in effect, held in abeyance that branch of its motion which was to vacate a judgment of the same court, entered May 10, 2000, upon its failure to oppose the plaintiffs' motion for summary judgment, pending such notification, and (2) an order of the same court, entered June 4, 2001, which denied that branch of its motion which was to vacate the judgment entered on its default upon its failure to comply with the conditions set forth in the order entered April 30, 2001.

Ordered that the appeal from the order entered April 30, 2001, is dismissed, without costs or disbursements, as the order is not appealable as of right and leave to appeal has not been granted (see CPLR 5701 [a] [2]); and it is further,

Ordered that the order entered June 4, 2001, is reversed, on the law, without costs or disbursements, that branch of the defendant's motion which was to vacate the judgment entered May 10, 2000, is granted, and the order entered April 30, 2001, is vacated.

The plaintiff Mimose Zephirin was employed as a registered nurse at the Nassau County Medical Center (hereinafter the Medical Center) when she over-medicated a patient and caused her death. The Medical Center brought disciplinary charges against Zephirin under the applicable collective-bargaining agreement between the plaintiff Civil Service Employees Association and the defendant, County of Nassau. Following an investigation, Zephirin was terminated from her employment.

Thereafter, the parties drafted a stipulation of settlement whereby Zephirin agreed to plead guilty to the charges, and in return, the County agreed, inter alia, to the proposed penalty of termination being reduced to a 30-day suspension without pay. The plaintiffs commenced this action to enforce the terms of the stipulation after the County refused to comply with it based on its argument that it effectively revoked the stipulation before its execution and was, therefore, not bound by its terms. The plaintiffs subsequently moved for summary judgment on the complaint.

The Supreme Court entered a judgment in favor of the plaintiffs upon the County's failure to oppose the motion for summary judgment, and the County moved to vacate the judgment entered upon its default. The Supreme Court, inter alia, conditioned vacatur of the default upon the County's payment of back pay to Zephirin for the period commencing May 10, 2000, through April 6, 2001. When the County did not comply, an order was entered on June 4, 2001, denying the County's motion to vacate the default.

The Supreme Court improvidently exercised its discretion in directing the County to pay back pay to Zephirin. The issue underlying the plaintiffs' claim and the County's defense was whether Zephirin was considered an employee during the time period in question. While it is within the discretion of the Supreme Court to condition the grant of relief upon such terms and conditions as it deems fair under the circumstances (see CPLR 5015; Rubin v Payne, 103 AD2d 946; Reporter Co. v Tomicki, 60 AD2d 947), it should not exercise such discretion

to condition the opening of a default judgment upon an undertaking that will effectively serve to deprive the defendant of its day in court (*see Testwell Craig Labs. v Charles Assoc.,* 264 AD2d 836; *Congress Talcott Corp. v Pacemakers Trading Corp.,* 161 AD2d 554; *Mairena v Charlemagne,* 102 AD2d 814). S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.