In an action to recover damages for personal injuries, etc., the defendant appeals (1), as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Miller, J.), dated April 28, 2008, which, inter alia, conditioned the denial of the plaintiffs’ motion for leave to enter a default judgment against him upon his posting of a bond in the sum of $250,000 by a date certain, (2) from an order of the same court dated October 20, 2008, which, inter alia, granted his motion to vacate so much of the order dated April 28, 2008, as required him to post a bond only to the extent of reducing the face value of the bond from the sum of $250,000 to the sum of $150,000, and otherwise denied the motion, and (3) from an *537 order of the same court dated January 30, 2009, which, inter alia, denied his motion, in effect, for leave to renew his motion to vacate the bond requirement contained in the order dated April 28, 2008.
Ordered that the order dated April 28, 2008, is reversed insofar as appealed from, on the law, and the orders dated October 20, 2008, and January 30, 2009, are vacated; and it is further,
Ordered that the appeal from the order dated October 20,
2008, is dismissed as academic in light of our determination on the appeal from the order dated April 28, 2008; and it is further,
Ordered that the appeal from the order dated January 30, 2009, is dismissed as abandoned; and it is further,
Ordered that the appellant is awarded one bill of costs.
The Supreme Court erred in requiring the defendant to post a bond. A court which renders a “judgment or order may relieve a party from it upon such terms as may be just” (CPLR 5015 [a]), including the imposition of a bond or undertaking (see Yadid, LLC v GCW Bell Corp., 48 AD3d 799, 800 [2008]; Civil Serv. Empls. Assn, v County of Nassau, 296 AD2d 474, 475 [2002]; Testwell Craig Labs, v Charles Assoc., 264 AD2d 836 [1999]; Harp v Tednick Corp., 256 AD2d 904, 905 [1998]; F & K Supply v Balbec Corp., 182 AD2d 911 [1992]). However, in the instant case, the Supreme Court did not issue an order granting the plaintiffs’ motion for leave to enter judgment upon the defendant’s default and did not render a default judgment. Thus, there was no judgment or order from which the defendant was seeking to be relieved.
In light of our determination, the parties’ remaining contentions either need not be considered or are without merit. Fisher, J.P, Angiolillo, Belen and Lott, JJ., concur.