Ort v Ort (2019 NY Slip Op 00134)





Ort v Ort


2019 NY Slip Op 00134


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-04247
 (Index No. 4693/12)

[*1]Abraham J. Ort, etc., appellant, Amelia Manya
v
Emily Ort, etc., respondent.


Abraham J. Ort, Brooklyn, NY, appellant pro se.
Moskowitz & Book, LLP, New York, NY (Avraham C. Moskowitz and Daniel A. Stein of counsel), for respondent.



DECISION & ORDER
In an action pursuant to Not-For-Profit Corporation Law article 7, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated February 11, 2016. The order, insofar as appealed from, upon granting the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate his default in appearing at a compliance conference and to restore the action to the active calendar, did so on condition that the plaintiff appear for an in-person deposition in New York on or before a certain date.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action pursuant to Not-For-Profit Corporation Law article 7, the plaintiff moved, in effect, pursuant to CPLR 5015(a)(1) to vacate his default in appearing at a compliance conference and to restore the action to the active calendar. By order dated February 11, 2016, the Supreme Court granted the plaintiff's motion on condition that the plaintiff appear for an in-person deposition in this State on or before a certain date. The plaintiff appeals from so much of the order as conditioned the granting of his motion on him appearing for an in-person deposition in this State on or before a certain date.
CPLR 5015(a) provides, in part, "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just." Whether to impose a condition to granting a motion to vacate a default order or judgment is a discretionary determination (see e.g. Hudson v Gouldbourne, 83 AD3d 1001; Island Seafood v Anchor Fish Distribs., 269 AD2d 426; Mairena v Charlemagne, 102 AD2d 814). Under the circumstances of this case, the Supreme Court providently exercised its discretion in conditioning the granting of the plaintiff's motion on the plaintiff appearing for an in-person deposition in this State on or before a certain date (see CPLR 5015[a]; Hudson v Gouldbourne, 83 AD3d 1001; see generally 10 Weinstein- Korn-Miller, NY Civ Prac: CPLR ¶ 5015.14).
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court