## House v Slow Food, LLC

2026 NY Slip Op 30103(U)

January 12, 2026

Supreme Court, New York County

Docket Number: Index No. 159450/2018

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                   PART                    14

*Justice*

| | |
|---|---|
| INDEX NO. | 159450/2018 |
| MOTION DATE | 12/22/2025 |
| MOTION SEQ. NO. | 010 011 |

---------------------------------------------------------------------------------X

ERIN-LOUISE HOUSE, RASHMI PANDEY,

Plaintiffs,

- v -

SLOW FOOD, LLC, JOHN MANOS, VASILY THEODORIDIS

Defendants.

**DECISION + ORDER ON MOTION**

---------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 010) 218, 219, 220, 221, 223, 224, 225, 226, 231, 232, 235

were read on this motion to/for                         MODIFY ORDER/JUDGMENT                         .

The following e-filed documents, listed by NYSCEF document number (Motion 011) 227, 228, 229, 233, 234, 236

were read on this motion to/for                         ALTERNATE SERVICE                         .

Defendant Manon's motion (MS010) to reargue/renew the portion of the Court's decision conditioning the vacatur of his default on posting a bond is denied and plaintiff's cross-motion to reinstate the default is granted. Plaintiff's motion (MS011) for the approval of an ex parte order is granted.

**Background**

This action concerns plaintiffs' work for defendants and their claims that defendants violated the New York Labor Law by *inter alia* failing to pay proper wages and failing to pay for overtime work. The judge previously assigned to this matter referred the issue of damages to a special referee (after defendants' attorney had withdrawn as counsel and defendants defaulted) and the referee awarded damages to plaintiffs in a decision from September 2021 (NYSCEF

**159450/2018   HOUSE, ERIN-LOUISE vs. SLOW FOOD LLC**
**Motion No.  010 011**

Page 1 of 4

[* 1]

Doc. No. 146). Eventually, plaintiffs obtained a judgment against Slow Food, LLC and John Manos (the case settled with defendant Theodoridis) in September 2023 (NYSCEF Doc. No. 173).

**MS010**

Defendant Manos then moved to vacate his default and the judge previously assigned to the matter (who has since retired) granted that motion, conditioned on defendant Manos filing an undertaking for the judgments entered against him (NYSCEF Doc. No. 212).

In motion sequence 010, defendant Manos wants to remove the requirement that he post an undertaking. As an initial matter, the Court denies the motion because it did not properly differentiate between a motion to reargue and renew as required by CPLR 2221[f]). Manos simply lumped these two together. To the extent the motion is one to reargue the now-retired prior judge's decision, the motion is denied.

Assuming that it is a motion to renew, Manos contends that he has been unable to secure an undertaking in his affirmation (NYSCEF Doc. No. 220). He claims this is because he is a resident of Australia and that he does not have the funds to post a bond for the full amount. These purported justifications are not a basis to modify the prior order. Defendant Manos did not attach any proof of these conversations with the potential bond/surety companies despite suggesting he emailed them. Plus, he did not submit any proof to substantiate his claim that he lacks the sufficient funds.

The fact is that the prior judge was entitled to condition the vacatur on the posting of a bond pursuant to CPLR 5015 as long as the "circumstances which justified the additional security" are reasonable (*see Czub v Russell,* 177 AD2d 831, 831, 576 NYS2d 445 [3d Dept 1991]). Here, the prior judge required the undertaking on the ground that defendant Manos did

159450/2018   HOUSE, ERIN-LOUISE vs. SLOW FOOD LLC
Motion No.  010 011

Page 2 of 4

[* 2]

2 of 6

not keep his former counsel apprised of his whereabouts and this Court declines to modify that decision.

Therefore, because Manos has not posted the required bond, the Court grants plaintiffs' motion to reinstate the default judgment.

**MS011**

This is an ex parte order in which plaintiffs seek to serve a sheriff's notice with property execution and lienor notification letter on Mr. Manos and defendant Slow Food. Defendant Manos claims that he has not had ties with Slow Food since 2019 and that he should not be treated as one and the same for purposes of a default judgment.

Plaintiffs point out that the sheriff is required under CPLR 5232 to serve a copy of the execution on the garnishee. And they stress that Manos has repeatedly emphasized that he is an Australian national living in Australia and his only connection to the United States is that his attorneys are in New York state.

Based on this record, the Court approves the proposed order attached to the motion. The fact is that the judgment was entered against Slow Food LLC and Manos jointly and severally (NYSCEF Doc. No. 173). So there is good reason to permit the sheriff to serve in the way proposed by plaintiffs.

Accordingly, it is hereby

ORDERED that defendant Manos' motion (MS010) to reargue/renew is denied; and it is further

ORDERED that plaintiff's cross-motion to reinstate the default judgment is granted; and it is further

**159450/2018   HOUSE, ERIN-LOUISE vs. SLOW FOOD LLC**          **Page 3 of 4**
   **Motion No.  010 011**

3 of 6

ORDERED that Court approves plaintiff's proposed ex parte order (MS011) as attached.

**1/12/2026**
**DATE**

ARLENE P. BLUTH, J.S.C.

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159450/2018   HOUSE, ERIN-LOUISE vs. SLOW FOOD LLC**
**Motion No.  010 011**

**Page 4 of 4**

[* 4]

At an IAS Part 14 , of the Supreme Court of the State of New York, held in and for the County of New York, at the courthouse thereof located at 60 Centre Street, New York, New York 10007, on the 12 day of ___January___ 202~5~ 6

PRESENT: HON ___Arlene P. Bluth___
                                                J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
ERIN-LOUISE HOUSE and RASHMI PANDEY                Index No. 159450/2018

                                    Plaintiff                    **EX-PARTE ORDER**

                    -against-

SLOW FOOD LLC d/b/a MARKET LANE NYC,
JOHN MANOS and VASILI THEODORIDIS

                                    Defendants
-------------------------------------------------------------X

Plaintiffs Erin-Louise House and Rashmi Pandey, having duly moved for an Ex-Parte order pursuant to CPLR §§ 311-a(b) and 5232 directing the manner in which a Sheriff's Notice with Property Execution, and a Lienor Notification Letter, regarding the Judgment obtained in the above captioned action on September 26, 2023 against Defendant SLOW FOOD LLC, can be served herein upon Garnishee and Co-Defendant JOHN MANOS and the Plaintiffs having submitted the Affirmation of Lawrence A. Beckenstein, Esq. dated November 24, 2025 with attached exhibits; and the Plaintiffs having submitted sufficient proof that service of said Sheriff's Notice with Property Execution, and a Lienor Notification Letter, upon Garnishee and Co-Defendant JOHN MANOS, would be impractical within the meaning of CPLR §§ 311-a(b) and 5232

1

[* 5]

**NOW,** upon filing and reading of the Affirmation of Lawrence A. Beckenstein, Esq. dated November 24, 2025, and the Exhibits annexed thereto; and the Court, after due deliberation thereon, having granted the Motion, it is hereby

**ORDERED** that service of the Sheriff's Notice with Property Execution and Lienor Notification Letter, regarding the Judgment entered in this action on September 26, 2023 against Defendant SLOW FOOD LLC, shall be made, in accordance with CPLR §§ 311-a(b) and 5232 by permitting the Westchester County Sheriff to deliver a copy of said Sheriff's Notice with Property Execution and Lienor Notification Letter to Garnishee and co-Defendant JOHN MANOS c/o his attorneys, Kaufman Dolowich LLP at 245 Main Street, Suite 330, White Plains, NY 10601, and by mailing a copy of said Sheriff's Notice with Property Execution and Lienor Notification Letter, by first class mail, in a properly enclosed, post-paid envelope, bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against Defendant SLOW FOOD LLC, addressed to Defendant John Manos c/o his attorneys, Kaufman Dolowich LLP at 245 Main Street, Suite 330, White Plains, NY 10601, such affixing and mailing to be effected within twenty (20) days of each other; and by filing proof of such service with the Clerk of the Court within twenty (20) days of either affixing or mailing, whichever is effected later.

ENTER:

_____
J.S.C.

Entered by the Clerk of the Supreme Court, New York County
on _____ _____, 2025

2

[* 6]