■ PACIFIC NORTHERN FENCE CORPORATION, Respondent, v. ALLIED FABRICATORS, INC., Appellant.— In an action upon certain promissory notes, defendant appeals from an order of the Supreme Court, Nassau County, dated March 13, 1963, which denied its motion to open its default in pleading and to vacate the judgment for $4,189.99 entered February 14, 1963 upon such default. The order was made on a decision by the Special Term, dated February 26, 1963, *granting* defendant's motion "on condition that the defendant file with the proposed order, a surety company bond in the penal sum of $4,500." The decision provided further that "In the event an order is not submitted to the court for signature in accordance with [said] decision within 15 days from the date [thereof], the motion to open the default is denied and an order may be submitted to [that] effect." Defendant did not file the bond, and the above order denying the motion unconditionally was accordingly entered. Order reversed, without costs, and motion to open defendant's default granted upon condition that the existing judgment shall remain on record as a lien and as security for any recovery which may be had by plaintiff in this action. Defendant's time to serve its answer is extended until 20 days after entry of the order hereon. Where, as here, the record shows that the default was unintentional, it was improper, as a condition to opening the default, to require that the defendant post a surety company bond. In our opinion it is sufficient that the default judgment stand as security (*Schlein* v. *Schlein,* 276 App. Div. 951; *Machina* v. *Pryzgoda,* 282 App. Div. 1051). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.