■ ISAAC ROKOWSKY et al., Respondents, v KENNETH GLADSTONE et al., Appellants.—Order, Supreme Court, New York County, entered July 9,

1979, denying defendants' motion to dismiss the complaint, unanimously reversed, on the law, and the defendants' motion to dismiss the complaint granted, with costs and disbursements. Plaintiffs purchased property from defendants, giving in return a promissory note for $450,000 which recited that it could "not be changed, modified or terminated orally but only by an agreement in writing". After a claim of default in payment, defendants declared the note due and payable. Plaintiffs contested their liability alleging misrepresentations by defendants in the property sale. An oral settlement agreement was reached by the parties' attorneys whereby plaintiffs were to pay $150,000 to defendants and both sides were to exchange releases. Plaintiffs' attorney delivered their release and a bank check for $150,000 to defendants' attorney who, since he had by that time been replaced, delivered the same to defendants' new attorney. The latter immediately returned the check and release to plaintiffs' attorney. By this action plaintiffs seek to enforce the oral settlement agreement. Special Term denied defendants' motion to dismiss the complaint, holding that it could not determine on the papers submitted whether the oral agreement was intended by the parties to be an executory accord, which would have to be in writing, or a novation, which need not be written. The oral settlement agreement would have to be either an executory accord (see General Obligations Law, § 15-501) or a superseding agreement (see *Moers v Moers,* 229 NY 294, 300, 301). While we would hold it to be executory accord (see *Blair & Co. v Carlos O. V.,* 5 AD2d 276, 282) it makes no difference here which it is. If it is an executory accord, its enforcement is barred by section 15-501 of the General Obligations Law. If it is a superseding agreement, its enforcement is barred by the provisions forbidding oral termination of the promissory note. Concur—Birns, J. P., Fein, Sullivan, Lupiano and Lynch, JJ.