■ KENNETH GLADSTONE et al., Respondents, v ISAAC ROKOWSKY et al., Appellants. — Order, Supreme Court, New York County, entered April 30, 1980, granting defendants' motion to vacate their default in appearing in opposition to plaintiffs' motion for summary judgment in lieu of complaint on condition that defendants post an undertaking in the sum of $600,000, and order, same court, same Justice, entered May 12, 1980, denying defendants' moton to vacate their default, unanimously modified, on the law and the facts, and in the exercise of discretion, with costs to appellants to strike the provision conditioning vacatur of the default upon the filing of the undertaking, the default is vacated, and plaintiffs' motion for summary judgment in lieu of complaint is restored to the Motion Calendar, Special Term, Part I, Supreme Court, New York County, on a date to be fixed in the order to be settled hereon. In this action on a promissory note commenced by the service of a summons and notice of motion for summary judgment in lieu of complaint seeking judgment in the sum of $552,600 plus interest, plus attorney's fees in the sum of $45,000, defendants appeal from two orders of the Supreme Court, New York County. The first order, entered April 30, 1980, granted defendants' motion to vacate their default because of their failure to appear in opposition to a motion for

summary judgment in lieu of complaint on condition that the defendants post an undertaking in the sum of $600,000. The second order, entered May 12, 1980, denied defendants' motion to renew and reargue. The court treated the motion as one to vacate the default order entered March 31, 1980. We consider both orders together. The basis of the default was the failure of the defendants to appear on the return date of the motion for summary judgment. So far as appears from the record, defendants' attorney inadvertently arrived at the courthouse late that morning, after the motion had been called and marked "default". He had previously advised his adversary that an application would be made to the court for an adjournment, which his adversary had refused. Immediately thereafter, defendants moved to vacate their default and for leave to submit in opposition to the motion. There is an issue whether the court has jurisdiction over the motion for summary judgment as to defendant Morris Rokowsky since it appears that he was served by substituted service insufficiently in advance of the return date of the motion. The note was made, executed and delivered in connection with the sale of certain real property, which note defendants assert was induced by fraud. It is undisputed that there have been continuous settlement negotiations between the parties, as evidenced in part by this court's decision in a companion case concerning this very note *(Rokowsky v Gladstone,* 74 AD2d 524), now pending in the Court of Appeals. The need for security is not shown. In the face of the inadvertent default and immediate steps to set it aside, it was unnecessary to require the filing of an undertaking as a condition to vacating the default. Settle order. Concur — Fein, J. P., Sandler, Sullivan, Lupiano and Silverman, JJ.