■ KEUN B. KIM et al., Respondents, v CENTRAL COMMUNICATION SERVICES, INC., et al., Appellants.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered March 13, 1990, which denied defendants' motion to vacate plaintiffs' service of a summons with notice and the complaint and default judgment, entered August 9, 1989, due to defendants' failure to post the required bond, unanimously reversed, on the law and on the facts and in the exercise of discretion, without costs or disbursements, and the motion granted to the extent of remanding the matter for a consideration of the merits on condition that defendants post an undertaking in the amount of $85,000 within 20 days of this court's order; in the event of defendants' failure so to comply, the order is affirmed with costs.

In this action to recover for defendants' alleged breach of contract plaintiffs obtained a default judgment against defendants in the amount of $82,017.50 which was entered on August 9, 1989, and, subsequently, a levy against certain of defendants' bank accounts in Pennsylvania. Defendants' motion, *inter alia,* to vacate the judgment on the grounds that the court lacked personal jurisdiction, that the default was excusable and that there is a meritorious defense to the action was denied due to defendants' failure to post the required bond in the sum of $120,500 before the return date of the motion. Since we see no reason for the imposition of a bond in an amount which is almost 50% greater than the amount of the default judgment, we reduce the amount of the bond to $85,000.

While defendants argue that it was an abuse of discretion to order the posting of a bond in addition to the levy which had already been placed against their accounts, defendants do not dispute plaintiffs' assertion that the Pennsylvania bank has applied the funds levied against to reduce defendants' loan balances and that there are presently no moneys being restrained to secure the judgment.

Relying on *Pacific N. Fence Corp. v Allied Fabricators* (19 AD2d 541) and *Capellino Abattoir, Inc. v Lieberman* (59 AD2d 986), defendants also urge that the judgment itself would have sufficed as security for plaintiffs. In both of the cited cases, however, the motion court had already made a determination on the merits of the underlying motion, whereas in this case the motion court never reached the merits. In our view, given the facts before it, the IAS did not err in imposing the requirement of an undertaking before consideration of the motion on the merits. Our only quarrel is with the amount fixed. Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.