■ Liberty Taxi Management, Inc., Respondent, v Vladimir Gincherman, Appellant. [820 NYS2d 49]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 28, 2005, which, insofar as appealed from as limited by the briefs, granted defendant's motion to vacate a default judgment, unanimously modified, on the facts and in the exercise of discretion, the requirement that defendant post a $90,000 bond pending a hearing on assessment of damages vacated, and otherwise affirmed, without costs.

Defendant retained plaintiff to manage six taxi medallions issued by the City of New York. A "management agreement" (the agreement) between the parties obligated plaintiff to manage the medallions for a period of three years commencing on September 1, 2002. The agreement contained a liquidated damages clause which stated that: "in the event [defendant] terminates th[e] [a]greement in advance of 09/01/05 . . . it will be impracticable to determine all of the damages sustained by [plaintiff]. In the event [defendant] terminates th[e] [a]greement in advance of that date . . . then [defendant] shall pay to [plaintiff] the sum of $15,000 . . . per taxi medallion." According to plaintiff, defendant unilaterally terminated the agreement on May 6, 2003.

On May 22, 2003, plaintiff commenced the instant action to recover damages for breach of contract against defendant. Defendant retained an attorney to defend him in the action. This attorney served an answer and appeared at a preliminary conference but subsequently abandoned the matter, failing to undertake discovery and missing several conferences. Significantly, this attorney failed to submit opposition to plaintiff's motion for partial summary judgment on its claim to recover $90,000 under the liquidated damages clause. Defendant retained a new attorney on the eve of the return date of the motion; however, this attorney was unable to submit timely opposition to the motion. By decision dated January 14, 2005, Supreme

Court granted the motion "on default."* No order was settled disposing of the motion.

On February 16, 2005, defendant moved to vacate the default. By decision dated June 20, 2005, the court, concluding that defendant had both a reasonable excuse for the default (i.e., the conduct of his former attorney) and a meritorious defense (i.e., defendant's assertion that the liquidated damages clause may constitute an unenforceable penalty), granted the motion and "permit[ted] . . . [the] default judgment . . . to stand . . . as security pending final disposition of the action." In the wake of defendant's motion to settle the order granting his application to vacate the default, plaintiff cross-moved to settle the same, noting that defendant's proposed order did not contain a provision requiring the default judgment to stand as security. At oral argument, defendant pointed out that the decision granting plaintiff's motion for partial summary judgment was never reduced to an order, and therefore, no default judgment had been entered. Given the absence of a default judgment to stand as security, the court, sua sponte, directed that defendant post a $90,000 bond. This appeal ensued.

"It is improper to require a bond as a condition of opening a default in the absence of circumstances that would require security" (*Mark IV Homes v Evans Gardens,* 57 AD2d 701, 702 [1977]; *see Congress Talcott Corp. v Pacemakers Trading Corp.,* 161 AD2d 554 [1990]; *Raji v Souri,* 99 AD2d 433 [1984]). Here, there is no evidence to suggest that security for relieving defendant of his default is required. To the contrary, defendant's default was not willful, defendant always intended to defend the action (*see Pricher v City of New York,* 251 AD2d 242 [1998]; *Gladstone v Rokowsky,* 78 AD2d 807 [1980]; *see also Pan Am. World Airways v Victoria Travel Agency,* 39 AD2d 692 [1972]; *Pacific N. Fence Corp. v Allied Fabricators,* 19 AD2d 541 [1963]) and there is no indication that plaintiff's interests will not be sufficiently protected by prompt adjudication of the merits of

---

* A summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion (i.e., "defaulted") (*Vermont Teddy Bear Co. v 1-800 Beargram Co.,* 373 F3d 241, 244 [2d Cir 2004] ["the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the . . . court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law"]; *see Cugini v System Lbr. Co.,* 111 AD2d 114, 115 [1985], *appeal dismissed* 65 NY2d 1053 [1985] ["A movant's failure to sufficiently demonstrate its right to summary judgment requires a denial of the motion regardless of the sufficiency, or lack thereof, of the opposing papers"]).

the action (*see Carlin Trading Corp. v Bennett*, 24 AD2d 444 [1965]; *cf. A.G. Serv. Co. v Interboro Contrs.*, 64 AD2d 880 [1978]). The default, which stemmed from defendant's former counsel's abandonment of the matter, was unintentional, and defendant, upon learning of plaintiff's motion for partial summary judgment, promptly retained new counsel, who sought to vacate the default approximately one month after it occurred. Accordingly, defendant's motion to vacate the default should have been granted unconditionally.

Finally, we note that, in light of the fact-intensive nature of the inquiry necessary to determine whether the imposition of a bond is appropriate, conditioning vacatur of a default on the posting of a bond in the absence of a request for such relief will rarely be appropriate. Concur—Andrias, J.P., Saxe, Williams, Sweeny and McGuire, JJ.