**Fenix Capital Funding, LLC v Pathfinder Trucking & Logistics, LLC**

2024 NY Slip Op 31434(U)

April 22, 2024

Supreme Court, Kings County

Docket Number: Index No. 507069/2023

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 22nd day of April 2024

HONORABLE FRANCOIS A. RIVERA

------------------------------------------------------------------------X

FENIX CAPITAL FUNDING, LLC,

                Plaintiff,

       -against-

PATHFINDER TRUCKING AND LOGISTICS, LLC, D/B/A PATHFINDER CARRIERS, and TERRENCE DORSEY,

                Defendants.

------------------------------------------------------------------------X

**DECISION & ORDER**

Index No.: 507069/2023

      Recitation in accordance with CPLR 2219 (a) of the papers considered on notice of motion filed on April 6, 2023, under motion sequence number one, by Fenix Capital Funding, LLC (hereinafter the plaintiff) for an order pursuant to CPLR 3212 granting plaintiff summary judgment as against the defendants Pathfinder Trucking and Logistics, LLC D/B/A Pathfinder Carriers and Terrence Dorsey (hereinafter the defendants) in a sum certain. The motion is unopposed.

-Notice of motion
-Affirmation in support
-Affidavit in support
      Exhibits A-D
-Statement of material facts

      On March 7, 2023, plaintiff commenced the instant action for, inter alia, breach of contract by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On March 30, 2023, the defendants interposed and filed a joint verified answer with the KCCO.

[* 1]

The verified complaint alleges breach of a contract by the defendant business to sell their future receivables to plaintiff, otherwise known as a merchant cash advance contract. Plaintiff is moving for summary judgment on the causes of action in its complaint. Plaintiff alleges that it entered a contract with the defendant business to purchase $113,160.00 of said defendant's future receivables for a purchase price of $82,000.00. Defendant Terrence Dorsey is alleged to have personally guaranteed payment. Plaintiff alleges further that it performed its duties in the contract and that the defendant business breached the contract by failing to continue to make payments of receivables.

**LAW AND APPLICATION**

There is no opposition to the instant motion. However, "[a] summary judgment motion should not be granted merely because the party against whom judgment is sought failed to submit papers in opposition to the motion, (i.e., 'defaulted')" (*Liberty Taxi Mgt., Inc. v Gincherman*, 32 AD3d 276, 278 n [1st Dept 2006], citing *Vermont Teddy Bear Co., v 1-800 Beargram Co.,* 373 F3d 241, 244 [2d Cir 2004] ["the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the ... court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law"]; see *Cugini v System Lumber Co., Inc.,* 111 AD2d 114, 115 [1st Dept 1985]).

It is well established that summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 32 AD3d 276 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of any material issues of fact (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]).

[* 2]

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (Alvarez, 68 NY2d at 324).

Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all the evidence must be viewed in the light most favorable to the opponent of the motion (*Marine Midland Bank v Dino & Artie's Automatic Transmission Co*., 168 AD2d 610 [2d Dept 1990]). The essential elements of a cause of action to recover damages for breach of contract are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (*Cruz v Cruz*, 213 AD3d 805, 807 [2d Dept 2023]).

Following oral argument of Plaintiff's motion seeking summary judgment pursuant to CPLR 3212 in its favor against Defendants, the motion is denied as Plaintiff has failed to establish its prima facie case. Plaintiff's affidavit in support of the motion did not sufficiently demonstrate plaintiff's performance under the subject agreement, including the amounts that were remitted to defendants and proof that the payment was made.

Plaintiff's request for summary judgment on its unjust enrichment cause of action is similarly denied as this action arises out of a contract and thus recovery on a quasi-contractual basis is precluded (see *CSI Group, LLP v Harper*, 153 AD3d 1314, 1317 [2d Dept 2017], citing *EBC I, Inc. v Goldman, Sachs & Co*., 5 NY3d 11, 23 [2005]; *Clark-Fitzpatrick, Inc. v Long Is.*

[* 3]

*R.R. Co.*, 70 NY2d 382, 388 [1987]). Merely alleging scienter in a cause of action to recover damages for breach of contract, unless the representations alleged to be false are collateral or extraneous to the terms of the agreement, does not convert a breach of contract cause of action into one sounding in fraud (*Crowley Marine Assocs. v. Nyconn Assocs., L.P.*, 292 A.D.2d 334, 334 [2nd Dept 2002]). Here, the plaintiff is claiming fraud based solely on the defendants' breach of the agreement. Plaintiff's cause of action for fraud is not sufficiently pled and therefore summary judgment is denied for this cause of action accordingly.

**CONCLUSION**

The motion by plaintiff, Fenix Capital Funding, LLC for an order pursuant to CPLR 3212 granting plaintiff summary judgment as against the defendants Pathfinder Trucking and Logistics, LLC D/B/A Pathfinder Carriers and Terrence Dorsey in a sum certain is denied. The foregoing constitutes the decision and order of this Court.

ENTER: _____

*Français A. Rivera*

J.S.C.

[* 4]