■ In the Matter of DAVID EBANKS, Petitioner, v SKYLINE NYC, LLC, Respondent, and NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Appellant. [896 NYS2d 369]—

In a proceeding to enforce compliance by Skyline NYC, LLC, with the New York City Housing Maintenance Code (Administrative Code of City of NY, tit 27, ch 2), the New York City Department of Housing Preservation and Development appeals, by permission, from an order of the Appellate Term for the 2nd, 11th, and 13th Judicial Districts dated September 29, 2008, which reversed an order of the Civil Court, Kings County (Gonzalez, J.), dated February 1, 2007, denying the motion of Skyline NYC, LLC, to vacate a judgment entered upon its default in answering or appearing and to dismiss the petition, and thereupon granted the motion, vacated the judgment entered upon default, and dismissed the proceeding.

Ordered that the order dated September 29, 2008, is affirmed, with costs.

The petitioner commenced this proceeding to enforce compliance by Skyline NYC, LLC (hereinafter the owner), with the New York City Housing Maintenance Code (Administrative Code of City of New York, tit 27, ch 2; hereinafter the Housing Maintenance Code) by compelling it to correct certain outstanding violations of the Housing Maintenance Code extant at its property. In the order to show cause submitted and filed with the verified petition to commence the proceeding (*see* NY City Civ Ct Act § 400 [1]), the Civil Court directed that service of those papers was to be effected upon the owner by regular first-class mail, with certificate of mailing. When the owner defaulted in answering the petition or appearing in the proceeding, an order to correct certain violations and a subsequent judgment imposing civil penalties were entered against it. The owner subsequently moved to vacate both the order to correct the violations and the judgment entered upon its default in answering or appearing, and to dismiss the petition, upon the grounds, inter alia, that service by regular first-class mail was unauthorized and improper. The Civil Court denied the motion, concluding that it had the authority to direct service by regular first-class mail, and that the petitioner had complied with the terms of the order to show cause. The Appellate Term reversed the order of the Civil Court denying the motion, vacated the judgment, and dismissed the proceeding, concluding that the Civil Court did not have authority to direct service of the order to show cause and petition by regular first-class mail without the petitioner's showing of special circumstances, and that, in effect, the Civil Court lacked personal jurisdiction over the owner. The New York City Department of Housing Preservation and Development appeals, contending that the Civil Court had the authority under the New York City Civil Court Act and the Housing Maintenance Code to direct service by regular first-class mail, without a showing of special circumstances. We agree with the Appellate Term.

The New York City Civil Court Act (hereinafter the Act) provides, as relevant here, that service, within the City of New York, of a summons, a notice of petition, or an order to show cause commencing a special proceeding may be made in the same manner as authorized in Supreme Court practice under the CPLR (*see* NY City Civ Ct Act § 403; *see also* NY City Civ Ct Act § 400 [2]; CPLR 403 [c], [d]). The Act also provides, however, that service of process in certain actions and proceedings commenced in the Housing Part of the Civil Court involving the enforcement of laws regarding maintenance of housing standards may also be served, "as an alternative," as provided for "in the housing maintenance code of the administrative code of

the city of New York" (NY City Civ Ct Act § 110 [a], [m] [1]). Insofar as relevant here, section 27-2115 of the Housing Maintenance Code provides that, in proceedings such as the one at bar:

"(h) (1) . . . the tenant . . . may . . . apply to the housing part for an order directing the owner and the department to appear before the court. Such order shall be issued at the discretion of the court for good cause shown, and shall be served as the court may direct . . .

"(j) If a tenant seeks an order directing the owner and the department to appear before the court pursuant to subdivision (h) . . . of this section, the court may allow service of the order by the tenant by certified or registered mail, return receipt requested."

These two subsections must be read together. If, as the Civil Court held, that court may, under subdivision (h), order that service be effected in any manner that it directs, subdivision (j) would be superfluous since the court would already have possessed, even in the absence of subdivision (j), the authority expressly granted to it by subdivision (j) to direct that service be effected by a tenant through the use of registered or certified mail. Indeed, the enactment of subdivision (j), which postdated the enactment of subdivision (h), would have accomplished nothing. Contrary to the conclusion of the Civil Court, however, courts must give effect to the wording of a statute without rejecting any words as superfluous, and must harmonize related provisions in a way that renders them compatible (*see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 91 [2001]). Subdivision (j), therefore, must be read as effectively providing the Civil Court with the option of permitting service of a notice of petition or order to show cause in a manner not otherwise authorized by subdivision (h) or by other applicable statutes, but which would nevertheless ensure that an owner actually receives process, namely, by authorizing service by the tenant by certified or registered mail (*see* Mem of City of NY, Bill Jacket, L 1980, ch 526, 1980 NY Legis Ann, at 209-210; *cf.* CPLR 2103 [a]).

Accordingly, the Appellate Term properly concluded that the Civil Court was not authorized, under the circumstances of this case, to permit service of the order to show cause and petition by regular first-class mail, with certificate of mailing. Consequently, the Appellate Term properly reversed the order of the Civil Court, granted the owner's motion to vacate the judgment and dismiss the petition, and dismissed the proceeding. Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur.