[957 NYS2d 699]

DOUGLAS RODRIGUEZ, Appellant, v PERDOMO M. RODRIGUEZ, Respondent, et al., Defendants.

Second Department, December 19, 2012

### APPEARANCES OF COUNSEL

*Linda T. Ziatz, P.C.*, Forest Hills, for appellant.

*Bruno, Gerbino & Soriano, LLP*, Melville (*Charles W. Benton* of counsel), for respondent.

### OPINION OF THE COURT

LEVENTHAL, J.

On this appeal, we are asked to decide whether the 20-day time period to file proof of service of process, when service is made upon a person of suitable age and discretion pursuant to CPLR 308 (2), applies to an action commenced in the Civil Court of the City of New York. For the reasons discussed below, we find that the 20-day time period does not apply.

In August 2007 the plaintiff commenced this action in the Civil Court of the City of New York, Queens County (hereinafter the Civil Court), to recover damages for personal injuries against Perdomo M. Rodriguez, Gabriel Perez, and Carmen Perez. The plaintiff alleged that on June 11, 2005, he was a passenger in a vehicle owned and operated by Rodriguez which collided with another vehicle owned by Carmen Perez and operated by Gabriel Perez. The plaintiff alleged that the defendants' combined negligence and recklessness in the operation of the respective vehicles was the proximate cause of the serious injuries he allegedly sustained as a result of the accident.

According to the affidavit of service from the plaintiff's process server dated December 18, 2007, a copy of the summons and complaint was delivered to Rodriguez's wife at his home on December 13, 2007. On the following day, the plaintiff's process server mailed copies of those documents to Rodriguez's residence. However, proof of service was not filed with the Civil Court until January 2, 2009, more than one year after "suitable age and discretion" service was effected. Rodriguez did not appear in the action or answer the complaint.

On March 4, 2009, the plaintiff filed a notice of inquest against Rodriguez only. On July 14, 2009, following an inquest, judgment was entered against Rodriguez and in favor of the plaintiff in the principal sum of $25,000. In September 2009, the plaintiff commenced a separate action against Long Island Insurance Company, Rodriguez's insurer, to enforce the judgment.

In February 2010, Rodriguez moved pursuant to CPLR 2004 and 2005 to vacate the default judgment upon the grounds that "said default upon which the judgment was entered into should not have been granted, was excusable and was based upon a meritorious defense." In an affidavit, Rodriguez averred that neither he nor his wife were ever served with the summons and complaint.

In an order entered February 17, 2010, the Civil Court granted Rodriguez's motion to vacate the default judgment in "the interest of justice," stressing the strong public policy in favor of resolving cases on the merits. The plaintiff then appealed to the Appellate Term for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Appellate Term). Before the Appellate Term, the plaintiff contended that since service had allegedly been effected by delivering the summons and complaint to Rodriguez's wife, he was required to submit an affidavit from her in order to rebut the presumption of proper service created by the process server's affidavit of service. As Rodriguez failed to submit an affidavit from his wife, and failed to explain that failure, the plaintiff argued that the Civil Court erred in vacating the default judgment.

By order dated March 2, 2011, the Appellate Term affirmed the order of the Civil Court (36 Misc 3d 76 [2011]). Initially, the Appellate Term agreed with the plaintiff that Rodriguez's affidavit in support of his motion "was insufficient to refute the presumption of proper service created by the affidavit of plaintiff's process server" (id. at 77). Nevertheless, the Appel-

late Term found that the plaintiff's failure to file proof of service within the 20-day period set forth in CPLR 308 (2) rendered the default judgment a nullity. In reaching its conclusion, the Appellate Term reasoned:

"CPLR 308 (2) requires that where, as here, service is made by delivering the summons within the state to a person of suitable age and discretion followed by mailing, 'proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing . . . .' The New York City Civil Court Act similarly requires the filing of proof of service to complete service (CCA 410 [b]), and specifies that service of the summons and complaint shall be made within 120 days of the filing of the summons and complaint (CCA 411; *cf.* CPLR 306-b). In the Civil Court, following the filing of proof of service, which completes substituted service (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, CCA 402; *cf.* CPLR 308 [2] [service is complete 10 days after proof of service is filed]), the defendant has 30 days within which to appear and answer (CCA 402 [b]).

"The rules set forth in the Civil Practice Law and Rules respecting the filing of proof of service in the event of substituted service by the 'nail and mail' method are identical to the rules for filing proof of service in the event of substituted service by service on a person of suitable age and discretion followed by mailing (*compare* CPLR 308 [2] *with* CPLR 308 [4]). In *Discover Bank v Eschwege* (71 AD3d 1413 [2010]), where the plaintiff served by the 'nail and mail' method (*see* CPLR 308 [4]) but, without obtaining judicial permission to do so, filed proof of service more than 20 days following such service, the Appellate Division, Fourth Department, vacated the default judgment that had been entered against the defendant; in so doing, that court commented that, while the failure to file proof of service within the time specified in CPLR 308 (4) was not a jurisdictional defect but was rather a 'procedural irregularity' that could be cured by an order permit-

ting the late filing of proof of service, absent an order curing the irregularity, the default judgment was a 'nullity requiring vacatur' (71 AD3d at 1414, quoting *Rosato v Ricciardi*, 174 AD2d 937, 938 [1991]).

"Here, without obtaining an order permitting late filing, plaintiff filed proof of service of the summons with endorsed complaint approximately 375 days after serving defendant Rodriguez by substituted service pursuant to CPLR 308 (2). As there was no order permitting the late filing of plaintiff's proof of service, the default judgment 'was a nullity requiring vacatur' (*id.*), and we conclude that the Civil Court did not improvidently exercise its discretion in granting defendant Rodriguez's motion to vacate the default judgment that had been entered against him. Accordingly, the order of the Civil Court is affirmed" (*Rodriguez v Rodriguez*, 31 Misc 3d 76, 77-78 [2011]).

The plaintiff moved for leave to reargue his opposition to Rodriguez's motion to vacate, or, in the alternative, for leave to appeal to this Court. In support of his motion, the plaintiff argued, among other things, that the Appellate Term erred in applying the 20-day time period to file proof of service pursuant to CPLR 308 (2) to this action because the New York City Civil Court Act (hereinafter the CCA) has its own provisions regarding the filing of proof of service.

In an order dated May 23, 2011, the Appellate Term denied the plaintiff's motion (2011 NY Slip Op 74017[U] [2011]). By decision and order on motion dated August 31, 2011, this Court granted the plaintiff's motion for leave to appeal from the order dated March 2, 2011 (2011 NY Slip Op 82318[U] [2011]). On appeal, the plaintiff contends that the 20-day time period for filing proof of service pursuant to CPLR 308 (2) is not applicable to an action commenced in the Civil Court.

This action was commenced in the Civil Court to recover damages for personal injuries in a sum not exceeding $25,000, which is the maximum amount recoverable in that court (*see* CCA 202). According to the affidavit of service submitted by the plaintiff, Rodriguez was served by service upon a person of "suitable age and discretion," in that, on December 13, 2007, the summons and complaint were left with Rodriguez's wife, at his home, and the summons and complaint were mailed to

Rodriguez's home on the following day. Service upon a party by way of delivery to a person of "suitable age and discretion" and then mailing is not explicitly provided for in the CCA. However, CCA 403, entitled "Summons; method and place of service," effectively incorporates the method of service provisions of the CPLR by providing, as pertinent here, that "[s]ervice of summons shall be made in the manner prescribed in supreme court practice" (*see Matter of Ebanks v Skyline NYC, LLC*, 70 AD3d 943, 944 [2010]; *see also* CCA 400 [2]).

CPLR 308 (2), in turn, provides that personal service upon a person can be made

> "by delivering the summons within the state to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence . . . in an envelope bearing the legend 'personal and confidential' . . . such delivery and mailing to be effected within twenty days of each other."

The affidavit of service submitted by the plaintiff's process server complied with these provisions.

However, CPLR 308 (2) further provides that "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing." The plaintiff asserts that this provision requiring the filing of proof of service is not applicable to an action brought in Civil Court. In support of this contention, the plaintiff relies upon the history of article 4 of the CCA.

Prior to 2005, CCA 409 required that a copy of a summons and complaint with proof of service be filed within 14 days after service. In September 2005, various provisions of the CCA were amended in order to implement a commencement by filing system in the Civil Court (*see* L 2005, ch 452; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, NY City Civ Ct Act § 411, 2012 Pocket Part at 63) which was analogous to the commencement by filing system in effect in, inter alia, the Supreme Court (*see* CPLR 304; L 1992, ch 216). As pertinent here, CCA 409 was amended to provide that "[p]roof of service of the summons and complaint . . . shall be filed with the clerk of the court in the county in which the action is brought" (CCA 409 [a]).

The 2005 amendment of CCA 409 eliminated the 14-day time period to file proof of service in an action commenced in the Civil Court. Discussing the import of the amendment in a practice commentary, Professor David Siegel notes that "[s]ection 409 was amended in 2005 to eliminate all reference to time periods for filing proof of service, substituting a simple requirement that the proof be filed with the clerk of the civil court in the county of venue, but specifying no time limit" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, NY City Civ Ct Act § 409, 2012 Pocket Part at 60).

Another provision relevant to our consideration is CCA 411. As part of the implementation of a commencement by filing system in the Civil Court, CCA 411 currently provides that service of a summons and complaint must be made within 120 days of the filing thereof and permits a court, upon good cause shown, to extend the time for service. In addition, under the CCA's scheme for service of process, unless service is made by personal delivery, service in the Civil Court is complete upon filing of proof of service (*see* CCA 402 [b]; 410). By contrast, where a defendant is served by personal delivery, service is complete immediately (*see* CCA 402 [a]; 410).

A review of the foregoing provisions makes clear that the 20-day time period to file proof of service contained in CPLR 308 (2) was never applicable to an action commenced in the Civil Court because, prior to 2005, proof of service had to be filed within 14 days of service. Presently, there is no deadline to file proof of service in an action commenced in the Civil Court (*see* CCA 409). In practical terms, this means that a defendant's time to answer a complaint in the Civil Court is not triggered until proof of service is filed, unless that defendant was personally served (*see* CCA 402 [if personally served, a defendant has 20 days to appear and answer; if not personally served, a defendant has 30 days from filing of proof of service to appear and answer]; 410).

CCA 2102, entitled "Civil practice; general provisions; CPLR applicable," states: "The CPLR and other provisions of law relating to practice and procedure in the supreme court, notwithstanding reference by name or classification therein to any other court, shall apply in this court as far as the same can be made applicable *and are not in conflict with this act*" (emphasis added).

Just such a conflict would be created if the CPLR 308 (2) 20-day deadline for filing proof of service is applied to Civil Court

actions. Considering that CCA 409 previously required a plaintiff to file proof of service (except with personal delivery) within 14 days of service, and the current version of CCA 409 eliminated the 14-day time period for filing proof of service, the application of the 20-day time period to file proof of service set forth in CPLR 308 (2) conflicts with CCA 409. The replacement of that portion of CCA 409 which required the filing of proof of service within 14 days of service, with a provision deleting such a deadline, reflects a deliberate choice by the legislature to discard a specific time period to file proof of service in actions commenced in the Civil Court. Moreover, while some may question why no deadline was imposed by the legislature for the filing of proof of service in a Civil Court action, it is not for the courts to legislate such a deadline. If the legislature deems it prudent to require a plaintiff to file proof of service with the clerk of the Civil Court within a certain time period, it can enact such legislation. For example, the legislature can mandate that the filing provisions of CPLR 308 (2) apply to the filing of proof of service in Civil Court actions. Absent any legislative directive, we are constrained to allow the plaintiff to file his proof of service more than one year after such service.

Thus, the Appellate Term should not have applied the 20-day time period to file proof of service set forth in CPLR 308 (2), as that provision conflicts with the current version of CCA 409 (*see* CCA 2102). Since the current version of CCA 409 does not include a deadline for filing the proof of service, the Appellate Term erred when it found that the plaintiff's filing of the proof of service approximately 375 days after serving Rodriguez was untimely (*cf. Chavez v 407 Seventh Ave. Corp.*, 39 AD3d 454 [2007]).

Rodriguez's reliance upon *Discover Bank v Eschwege* (71 AD3d 1413 [2010]) to impose a 20-day time period to file proof service pursuant to CPLR 308 (2) is misplaced, as that case involved an action commenced in the Supreme Court, not the Civil Court.

Once proof of filing of service in this case was actually filed on January 2, 2009, service became complete. Accordingly, Rodriguez had 20 days to answer or move to extend his time. He did neither. Hence, Rodriguez defaulted. As the Appellate Term correctly determined, Rodriguez's affidavit submitted in support of his motion was insufficient to vacate the judgment. Although Rodriguez did not specify which paragraph of CPLR 5015 (a) he relied upon, his affidavit suggested that he was

seeking to vacate his default pursuant to CPLR 5015 (a) (4) on the ground of lack of jurisdiction. However, he failed to demonstrate his entitlement to vacatur on this ground.

The affidavit from the plaintiff's process server constituted prima facie evidence of proper service pursuant to CPLR 308 (2), and Rodriguez's unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service (*see US Natl. Bank Assn. v Melton,* 90 AD3d 742 [2011]; *Prospect Park Mgt., LLC v Beatty,* 73 AD3d 885, 886 [2010]; *Sturino v Nino Tripicchio & Son Landscaping,* 65 AD3d 1327 [2009]; *Beneficial Homeowner Serv. Corp. v Girault,* 60 AD3d 984 [2009]; *Mortgage Elec. Registration Sys., Inc. v Schotter,* 50 AD3d 983 [2008]). Furthermore, since Rodriguez did not submit an affidavit from his wife, to whom the summons and complaint were delivered, Rodriguez failed to rebut the presumption of proper service.

Rodriguez's remaining contention is without merit.

Accordingly, the order of the Appellate Term dated March 2, 2011, is reversed, on the law, the order of the Civil Court entered February 17, 2010, is reversed, and Rodriguez's motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate the judgment of the Civil Court entered July 14, 2009, is denied.

RIVERA, J.P., ANGIOLILLO and COHEN, JJ., concur.

Ordered that the order of the Appellate Term for the Second, Eleventh, and Thirteenth Judicial Districts dated March 2, 2011, is reversed, on the law, with costs, the order of the Civil Court of the City of New York, Queens County, entered February 17, 2010, is reversed, and the motion of the defendant Perdomo M. Rodriguez, in effect, pursuant to CPLR 5015 (a) (4) to vacate the judgment of the same court entered July 14, 2009, is denied.