LVNV Funding LLC v Anova (2025 NY Slip Op 50270(U))

[*1]

LVNV Funding LLC v Anova

2025 NY Slip Op 50270(U)

Decided on March 3, 2025

Civil Court Of The City Of New York, Richmond County

Pinto, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 3, 2025
Civil Court of the City of New York, Richmond County

LVNV Funding LLC, Plaintiff

against
Jewela Anova, Defendant

Index No. CV-000859-23/RI

Kirschenbaum & Phillips, P.C. for Plaintiff
No appearance by Defendant

Michael J. Pinto, J.

Recitation, as required by CPLR 2219 (a), of the papers considered in the review of this application:
Papers Numbered
Notice of Motion and Affirmation/Affidavit annexed 1-2
Upon the foregoing cited papers, the decision on Plaintiff's Motion for Default Judgment is as follows:
Plaintiff, LVNV Funding LLC (hereinafter, "Plaintiff"), commenced this action against the defendant, JEWELA ANOVA (hereinafter, "Defendant"), for an alleged breach of a credit card agreement, seeking damages in the amount of $9,410.65. The Defendant was served by substitute service on March 30, 2023. An affidavit of service was filed with the Court on April 6, 2023, thereby giving Defendant 30 days to answer the complaint (CCA 402(b)). To date, the Defendant has failed to respond to the complaint. On January 17, 2025, the Plaintiff filed the instant motion for a default judgment.[FN1]

The one-year period for Plaintiff to move for the entry of a default judgment expired after May 6, 2024.[FN2]
In its motion, the Plaintiff argues that this Court should grant the Plaintiff's [*2]motion, even though the Plaintiff did not move for judgment within the statutory one-year period following the Defendant's default. In the attorney affirmation, Plaintiff's counsel argues law office failure as a reasonable excuse for the delay in filing for a default judgment. Specifically, Plaintiff's counsel argues that the "inadvertent" law office error resulted from a coding failure which went undetected until after the deadline for filing had passed. Plaintiff argues that the coding failure prevented counsel from obtaining the necessary affidavits and documentation from the Plaintiff to timely move for a default judgment. On January 17, 2025, Plaintiff filed the motion, eight months after the one-year period expired.
CPLR 3215(c) provides, in part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion." It is well settled that the language of CPLR 3215 (c) is mandatory, "inasmuch as courts 'shall' dismiss claims (CPLR 3215 [c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308 [2d Dept 2011]; see HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633 [2d Dept 2018]). Plaintiff's failure to move for an entry of judgment within a year of default may be excused, however, upon a showing of "sufficient cause" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764 [2d Dept 2015]). To establish "sufficient cause", the party opposing dismissal must demonstrate that it had "a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (id. at 764). The determination of "whether an excuse is reasonable in any given instance is committed to the sound discretion" of the court (Bank of New York v Pieloch, 217 AD3d 647, 649 [2d Dept 2023]).
While a court has the discretion to accept law office failure as a reasonable excuse, such a claim should be supported by a "detailed and credible" explanation of the default (Henry v. Kuveke, 9 AD3d 476, 479 [2d Dept 2004]). The Court finds that the Plaintiff has failed to offer a reasonable excuse for its delay after reviewing the evidence presented in the moving papers. The Plaintiff offers three affidavits in support of its motion. The first affidavit is of Malorie Steele, which is executed on November 28, 2023. The second affidavit is of Mary Jenkins, executed on June 25, 2024. The third affidavit is of Graviela Villasenor, executed on July 23, 2024. The first affidavit was executed well within the one-year time period. The other affidavits, while executed after the one-year period, were still obtained some six months before the filing of the instant motion.
Plaintiff argues that a "coding failure" prevented the Plaintiff from obtaining the affidavits and documentation needed for its motion and that a clerical audit alerted Plaintiff of the delay. However, the Plaintiff fails to address why it was able to obtain and execute one affidavit well within the one-year period. The Plaintiff also fails to explain why if the remaining affidavits were executed by July 23, 2024, counsel waited an additional six months before filing its motion. The Court cannot accept the bare, conclusory statements by the Plaintiff when its moving papers raises more questions than it answers. The Court finds Plaintiff's excuse to be vague, conclusory, and unsubstantiated; and therefore, Plaintiff fails to show sufficient cause (See Mattera v. Capric, 54 AD3d 827, 828 [2d Dept 2008]; Staples v. Jeff Hunt Developers, 56 AD3d 459, 460 [2d Dept 2008; Lugauer v. Forest City Ratner Co., 44 AD3d 829, 830 [2d Dept [*3]2007]). While the Plaintiff cites cases showing instances where the delay was several years, and unreasonable, it fails to cite one authority supporting the arguments it puts forth in its papers.
Since Plaintiff has failed to offer a reasonable excuse for its delay, this Court need not consider whether the Plaintiff has a potentially meritorious cause of action (Deutsche Bank National Trust Company v. Booker, 173 AD3d 683, 685 [2d Dept 2019]).
Accordingly, it is hereby
ORDERED that the Plaintiff's motion is DENIED in its entirety; and it is further
ORDERED that the case is DISMISSED as abandoned pursuant to CPLR 3215(c).
The foregoing constitutes the Decision and Order of the Court.
Date: March 3, 2025
Staten Island, New York
Hon. Michael J. Pinto
Judge, Civil Court

Footnotes

Footnote 1:While the notice of motion and attorney affirmation are dated December 31, 2024, the affidavit of service shows that the motion was not served until January 17, 2025, the same date it was filed with the Court.

Footnote 2:Plaintiff states that the Defendant had until May 16, 2023, to respond to the Complaint. However, under the Civil Court Act, service is complete upon filing of proof of service with the Court (Rodriguez v Rodriguez, 103 AD3d 117, 123 [2d Dept 2012]). Therefore, the provision of CPLR 308 which states that service is complete ten days after the filing of proof of service is inapplicable in this matter. Regardless, the Defendant remains in default.