Balance Fit Chiropractic, PC v Safeco Natl. Ins. Co. (2025 NY Slip Op 50304(U))

[*1]

Balance Fit Chiropractic, PC v Safeco Natl. Ins. Co.

2025 NY Slip Op 50304(U)

Decided on March 10, 2025

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 10, 2025
Civil Court of the City of New York, Kings County

Balance Fit Chiropractic, PC, a/a/o Julio Petit Bois, Plaintiff(s),

against
Safeco National Insurance Company, Defendant(s).

Index No. 725640-21/KI

The Rybak Firm, PLLC, Brooklyn, for Plaintiff
Law Office of Martyn, Smith, Murray & Yong, Hauppauge, for Defendant

Sandra Elena Roper, J.

Upon the foregoing cited papers, the Decision/Order on Plaintiff's motion for Default Judgment and Defendant's cross-motion to Compel Acceptance of an Answer is as follows:
Pursuant to Civil Court Act § 402 (b) where service made upon Defendant other than, by personal service within the City of New York, as is herein, the time to serve Answer is 30 days of the filing of the affidavit of service with the clerk of court. Herein, the service was made outside of the City of New York and by unchallenged personal service. However, it is opined, delivery to an alleged CPLR 318 Designated Authorized Agent for Service represented as a pseudonym "RICH DOE" elicits on its face a rebuttable challenge, notwithstanding the well-established presumption of validity of the affidavit of service. It has been held, based upon the statutory legislative history of the intentional omission of a time period in which to file the affidavit of service with the clerk of court, constrained the court to uphold the validity of a one-year filing (see, Rodriguez v Rodriguez, 103 AD3d 117, 123 [2d Dept 2012]). CCA § 402 (b) is very clear that the filing triggers the 30-day period for Defendant to serve its Answer. Such filing does not affect the jurisdiction which has already been conferred upon the court (id. ["The failure to file a timely affidavit of service is not a jurisdictional defect, but merely a procedural irregularity which can be cured by an order nunc pro tunc"]). Rather, it would only give defendants additional time to timely answer the complaint (Reporter Co., Inc. v Tomicki, 60 AD2d 947, 947, 401 N.Y.S.2d 322 [3d Dept 1978]).
Plaintiff's argument that CPLR § 3111 is controlling, and not CCA § 402 (b), mandating Defendant to have served Answer regardless of whether Plaintiff filed affidavit of service with the clerk of court is rejected. Plaintiff argued, either 20 days if by personal service or 30 days to serve Answer if service upon statutory agent, Secretary of State or Department of Financial Services, wholly discounting CCA § 402 (b). Plaintiff errs. CCA § 402 (b) controls where it does not conflict with the CPLR. CCA § 2102, entitled "Civil practice; general provisions; CPLR applicable," states: "The CPLR and other provisions of law relating to practice and procedure in the supreme court, notwithstanding reference by name or classification therein to any other court, shall apply in this court as far as the same can be made applicable and are not in conflict with this act" (emphasis added)" (Rodriguez at 123, citing CCA §2102). Court records do not reflect Plaintiff's filing of the affidavit of service, nor has Plaintiff provided any proof to the contrary. Accordingly, pursuant to CCA § 402 (b) the time for Defendant to serve Answer has not been triggered as yet. Consequently, as of this writing, there is no default, nor can there be a default. Here, the issue is joined as Plaintiff's rejection letter acknowledges receipt of Defendant's duly served timely Answer. 
For the foregoing reasons, Plaintiff's Motion for Default Judgment is Denied and Defendant's cross-motion to Compel Acceptance of Answer is deemed moot.
This constitutes the decision and order of the Court.
Date: March 10, 2025
Brooklyn, New York
Hon. Sandra Elena Roper, JCC